**Robert HELMS, Petitioner,**

v.

**Beryle C. SACKS, as Warden, Ohio State Penitentiary et al., Respondents.**

**No. ———.**

United States Court of Appeals Sixth Circuit.

May 20, 1960.

**688**

No appearance for respondent.

Robert Helms, pro se.

CECIL, Circuit Judge.

Robert Helms, the petitioner, has filed four papers in this court denominated, as follows: "A LAYMAN'S MOTION TO APPOINT COUNSEL UNDER AFFIDAVIT STATING FORMA PAUPERIS", "MOTION FOR LEAVE TO FILE AND DOCKET CASE AND PAUPER'S AFFIDAVIT", "A LAYMAN'S STATEMENT OF JURISDICTION" and "A LAYMAN'S PETITION FOR LEAVE TO APPEAL FROM AN ORDER OF THE DISTRICT COURT OF THE UNITED STATES DENYING A WRIT OF HABEAS CORPUS".

The petitioner herein is representing himself and, while the papers are not skillfully drawn, I consider that the petitioner seeks to have an appeal from the United States District Court for the Southern District of Ohio, Eastern Division, filed and docketed in this court without prepayment of fees.

It appears from these papers that the petitioner was convicted of the crime of armed robbery, in the Common Pleas Court of Jefferson County, Ohio, on or about October 31, 1958. He was sentenced to a term of from 10 to 25 years in the Ohio State Penitentiary. He took no appeal from this conviction.

The District Judge, on March 16, 1960, denied the petitioner the right to appeal in forma pauperis, and also denied his motion for the issuance of a certificate of probable cause.

This court does not acquire jurisdiction of an appeal in a habeas corpus proceeding unless there is issued a certificate of probable cause. Section 2253, Title 28 U.S.C. provides: "An appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding where the detention complained of arises out of process issued by a State court, unless the justice or judge who rendered the order or a circuit justice or judge issues a certificate of probable cause." As a Circuit Judge, I will consider that the papers filed by the petitioner constitute a motion or request for a certificate of probable cause.

In determining whether or not there is probable cause to believe that the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States" (§ 2241(c)(3), Title 28 U.S.C.), I will examine the claims made by him in his papers.

His first contention is that his sentence is in violation of the "due process clause" of the 14th Amendment of the United States Constitution. In this respect, he claims that the indictment was insufficient and did not charge an offense under the laws of Ohio.

Section 2901.13 of the Ohio Revised Code defines armed robbery, and reads as follows:

"No person, while armed with a pistol, knife, or other dangerous weapon, by force or violence, or by putting in fear, shall steal from the person of another anything of value.

"Whoever violates this section is guilty of armed robbery, and shall be imprisoned not less than ten nor more than twenty-five years."

The indictment, an alleged copy of which appears in the petitioner's papers, reads as follows:

"The State of Ohio ⎱ Court of Common
Jefferson County, ss.⎰ Pleas

Of the term Sept. in the year of our Lord, 1958.

The jurors of the Grand Jury of said County, on their oaths, in the name and by the authority of the State of Ohio, do find and present that Robert Helms late of said County, on the 12th day of August in the year of our Lord, one thousand nine hundred and fifty eight at the County of Jefferson aforesaid, unlawfully and while armed with a blackjack, by force and violence, robbed Tony Leone of certain money of the amount and value of One Hundred Thirty Dollars ($130.-00)."

It is unnecessary to discuss the technical defects which the petitioner claims exist in the language of this indictment. I am of the opinion that the indictment adequately and sufficiently charges the petitioner with an offense under the statute.

A further claim made by the petitioner is "that he was denied due process of law in that the Supreme Court of Ohio would not let petitioner have access to said court because he is of indigent status." In support of this contention, petitioner relies on Burns v. State of Ohio, 360 U.S. 252, 79 S.Ct. 1164, 3 L.Ed. 2d 1209. This case is not at all analogous to the facts of the petitioner's case.

In the Burns case, the defendant appealed his conviction from the Common Pleas Court to the Court of Appeals. He then attempted to appeal from the Court of Appeals to the Supreme Court of Ohio. The Supreme Court of Ohio denied him the right of appeal, because he was unable to deposit the proper filing fee.

The Supreme Court of the United States said, 360 U.S. at page 258, 79 S.Ct. at page 1169: "The imposition by the State of financial barriers restricting the availability of appellate review for indigent criminal defendants has no place in our heritage of Equal Justice Under Law." The petitioner now before us was never denied the right to appeal to the Supreme Court of Ohio. Not having appealed to the Court of Appeals, he was in no position to appeal to the Supreme Court.

The claims presented by the petitioner involve questions of law. I conclude that the indictment is sufficient as a matter of law, and that the petitioner was not denied the right to appeal to the Supreme Court of Ohio. It appears clearly, therefore, from the face of the papers filed by the petitioner in this Court, that his claims give rise to no legal basis for his discharge from custody.

It further appears very clearly that District Judge Underwood was correct in declining to issue a certificate of probable cause. I, too, decline to issue such a certificate.

The Clerk is instructed to return the papers to the petitioner.