**Louis J. HART, Petitioner-Appellant,**

v.

**OHIO BUREAU OF PROBATION AND PAROLE, and Ohio State Board of Parole, Respondents-Appellees.**

No. 14295.

United States Court of Appeals
Sixth Circuit.

May 29, 1961.

Louis J. Hart, in pro. per.

Aubrey A. Wendt, Asst. Atty. Gen. of Ohio (Mark McElroy, Atty. Gen. of Ohio, on the brief), for appellee.

Before MILLER, Chief Judge, and WEICK and O'SULLIVAN, Circuit Judges.

PER CURIAM.

Appellant was convicted of armed robbery and other offenses in the Common Pleas Court of Montgomery County, Ohio, and received a sentence of from ten to twenty-five years. While on parole he was arrested and convicted of a federal offense in the United States District Court for the Southern District of Ohio. He is now serving that sentence in the United States Penitentiary at Terre Haute, Indiana. The Pardon and Parole Commission of Ohio declared appellant to be a parole violator and a detainer warrant was sent to the Superintendent of the United States Penitentiary at Terre Haute. Custody of appellant has not yet been released to the State of Ohio.

Appellant filed the present proceeding in the United States District Court for the Southern District of Ohio attacking the validity of the detainer warrant and the attempt of the State of Ohio to take him into custody under the State Court judgment after service of the federal sentence. His petition is styled by him as a Petition for a Writ of Scire Facias, and/or Writ of Habeas Corpus, Ad-Subjiciendum, Ad-Testificandum, Ad-Prosequendum. He named as defendants the Ohio Bureau of Probation and Parole and the Ohio State Board of Parole. He contends that the State of Ohio relinquished jurisdiction of him when they turned appellant over to the federal authorities. In view of our disposition of this proceeding on other grounds, it is unnecessary for us to pass on this contention.

 The District Judge considered the proceeding as a motion to vacate sentence under Section 2255, Title 28 U.S.C., and dismissed the petition. On this appeal appellant contends that the District Judge was in error in treating the proceeding as a motion to vacate sentence, calling attention to the fact that Ohio State officials are named respondents therein. We agree with this contention. No attack is made by appellant upon the Federal Court judgment, under which appellant is now in custody. However, the judgment should be affirmed if the

ruling is correct on other grounds. J. E. Riley Inv. Co. v. Commissioner, 311 U.S. 55, 59, 61 S.Ct. 95, 85 L.Ed. 36; Helvering v. Gowran, 302 U.S. 238, 245, 58 S.Ct. 154, 82 L.Ed. 224.

 Irrespective of the styling given by appellant to his petition, it must be treated by us as a habeas corpus proceeding in order for jurisdiction to exist in the District Court to pass on the validity of the unserved portion of the State Court judgment. Considered as a habeas corpus proceeding, it is fatally defective in the following respects.

 The basic principle of habeas corpus proceedings is to inquire into the legality of the detention of the applicant, and the only judicial relief authorized is the discharge of the prisoner or his admission to bail if his detention is found to be unlawful. The writ cannot be used to invoke judicial determination of questions which do not affect the lawfulness of the custody and detention, and the decision of which would not result in the release of the applicant from custody. McNally v. Hill, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238; Parker v. Ellis, 362 U.S. 574, 80 S.Ct. 909, 4 L.Ed.2d 963. See: Duggins v. United States, 6 Cir., 240 F.2d 479, 482. The appellant is not in custody of the state officials, but is serving a federal sentence, the validity of which is not questioned. A present ruling on the validity of the unserved portion of the state sentence, even if favorable to appellant, would not effect his release from custody. Habeas corpus cannot be used to obtain such a ruling.

 It is also settled law that a federal District Court is without jurisdiction to issue a writ of habeas corpus if the person detained is not within the territorial jurisdiction of the court when the petition is filed. Ahrens v. Clark, 335 U.S. 188, 68 S.Ct. 1443, 92 L.Ed. 1898. Appellant is not within the territorial jurisdiction of the district court in this case.

Nor has there been issued in this case any certificate of probable cause, which is required by Section 2253, Title 28 U.S.C., in order to take this appeal.

Helms v. Sacks, 6 Cir., 278 F.2d 687, certiorari denied, 364 U.S. 904, 81 S.Ct. 241, 5 L.Ed.2d 197.

The judgment of the District Court is affirmed.