STATE EX REL. JAMES D. NELSON v. R. H. TAHASH.

121 N. W. (2d) 584.

May 10, 1963—Nos. 38,500, 38,900.

*James D. Nelson,* pro se, for appellant.

*Walter F. Mondale,* Attorney General, and *Charles E. Houston,* Solicitor General, for respondent, warden of State Prison.

KNUTSON, CHIEF JUSTICE.

This is a consolidated appeal from two orders dismissing petitions for habeas corpus.

Petitioner was charged with two separate crimes, desertion and forgery. On October 6, 1955, he entered pleas of guilty to both charges. He was then charged with the commission of a prior felony in the State of Delaware. Upon an admission of guilt of such prior felony, the court imposed an indeterminate sentence for each crime, with the sentences to run concurrently. Commitments were issued on October 11, 1955, and petitioner has been in the state penitentiary since that time.

In March 1961, petitioner filed a petition for a writ of habeas corpus in the District Court of Washington County in which he attacked only the validity of his conviction for desertion. Respondent, in his return, alleged that petitioner was also serving a concurrent sentence based upon his conviction for forgery. This was not denied by petitioner. A hearing was held on the petition on May 15, 1961, and an order issued on May 20, 1961, dismissing the petition because of petitioner's failure to answer certain questions put to him on cross-examination. An appeal was taken from this order.

Thereafter, on August 28, 1962, petitioner submitted a second petition for habeas corpus, filed September 6, 1962, alleging that the information charging him with a prior felony in Delaware was insufficient in that it did not set forth facts showing that, if the offense had been committed in Minnesota, it would constitute a felony here. This petition came on for hearing and was denied by order of the court on September 6, 1962, on the ground that it was premature in that petitioner had not yet served the sentence for the crime of forgery, which was not attacked in any way. An appeal was also taken from this order. The appeals were consolidated here.

We have frequently held that, where a defendant is convicted of a crime and thereafter charged with the commission of a prior felony, he is not eligible for release on habeas corpus, even though the finding of guilt of a prior felony is invalid, until he has served as a minimum the maximum term of the sentence which is free from objection, less time off for good behavior.[1]

An indeterminate sentence is a sentence for the maximum term prescribed by statute for the offense committed, with a provision which permits but does not require an earlier release.[2] The maximum penalty for the crime of forgery in the second degree is 10 years' imprisonment in the state penitentiary.[3]

Inasmuch as petitioner has not served the maximum term for forgery and does not attack or question the validity of his conviction for that crime, the petitions clearly are premature under all of our former decisions and petitioner was not entitled to release on habeas corpus at the time of the hearing and decision on either of them.

Affirmed.

---

[1]State ex rel. Flynn v. Rigg, 256 Minn. 304, 98 N. W. (2d) 79.

[2]Shaw v. Utecht, 232 Minn. 82, 43 N. W. (2d) 781, certiorari denied, 340 U. S. 855, 71 S. Ct. 73, 95 L. ed. 627.

[3]Minn. St. 620.11.