**STATE OF MINNESOTA ex rel. Glen R. HOLSCHER, Appellant,**

v.

**Ralph H. TAHASH, Warden, Minnesota State Penitentiary, Appellee.**

No. 17643.

United States Court of Appeals
Eighth Circuit.

June 3, 1965.

David M. Beadie, of Doherty, Rumble & Butler, St. Paul, Minn., filed typewritten brief for appellant.

Walter F. Mondale, Atty. Gen., and Charles E. Houston, Sp. Asst. to Atty. Gen., St. Paul, Minn., filed printed brief for appellee on May 25, 1964.

Robert W. Mattson, Atty. Gen., Gerard Snell, Sol. Gen., and J. Earl Cudd, Sp. Asst. Atty. Gen., St. Paul, Minn., filed supplemental brief for appellee on May 7, 1965.

Before VOGEL, MATTHES and RIDGE, Circuit Judges.

PER CURIAM.

In February, 1959, Glen R. Holscher (appellant) was found guilty by a jury in the District Court of Hennepin County, Minnesota, of third degree murder. He was sentenced to a term of from 14–60 years (increased by reason of prior felony conviction) to the Minnesota State Penitentiary at Stillwater, Minnesota.[1] The conviction was affirmed, State v. Holscher, 261 Minn. 478, 113 N.W.2d 94 (January, 1962), cert. denied Holscher v. Minnesota, 370 U.S. 955, 82 S.Ct. 1607, 8 L.Ed.2d 821.

Since the affirmance, Holscher has engaged in filing various petitions in the state courts attacking the validity of not

---

1. Under the statute in effect when the homicide was committed, third degree murder carried a penalty of from 7 to 30 years. Another statute provided for doubling of the sentence if the guilty party had a prior felony conviction.

only the murder conviction but also of the prior felony conviction in the District Court of Fillmore County, Minnesota. Holscher succeeded in his attack upon the prior conviction, and that judgment of conviction was vacated by the Fillmore County District Court. However, Holscher's efforts to obtain vacation of the sentence of 14–60 years imposed by the Hennepin County District Court proved unsuccessful.[2]

In July, 1963, the present proceeding was initiated by the filing of a petition for writ of habeas corpus in the United States District Court of Minnesota, Third Division. In general, Holscher alleged that his conviction resulted from violation of his constitutional rights, and that, therefore, he was being unlawfully restrained of his liberty.

In due time the district court conducted a hearing. Appellant who was represented by a court-appointed lawyer, testified and portions of the transcript of the testimony and other records in the murder case were introduced in evidence. The district court in denying the writ filed a "memorandum order" consisting largely of a review of prior proceedings that appellant had filed in the state courts. The court failed, however, to make findings of facts and was content to rather summarily conclude that "Petitioner has not sustained the burden resting upon him to show he has been unfairly dealt with in a 'constitutional sense.'" We granted a certificate of probable cause and appointed other counsel to represent appellant in this appeal.

The briefs filed by appellant pro se and by able counsel representing him here, present two basic issues. One, that appellant's incriminating statements given to the police were improperly admitted in the murder trial for the reason that they were made without benefit of counsel, and, two, the trial court's procedure of submitting to the jury the question of the voluntariness of appellant's statements contravened his constitutional right to a fair hearing and to a reliable determination on the issue of voluntariness. Appellant relies upon Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977, in support of contention one, and upon Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908, in support of contention two. This means, of course, that appellant argues for retroactive application of Escobedo and Jackson.

Upon examination of the record we conclude that the cause must be remanded to the district court for further action and consideration. Both of the questions presented and urged upon us encompass aspects which have not been fully explored by the district court in the perspective of all of the pertinent facts and circumstances, at least if they were, no such indication appears from the court's "memorandum order."

It is initially the district court's responsibility to make findings on controverted factual issues and certainly this is a situation where that course must be pursued. Accordingly, the district court is requested to make findings of fact and state its conclusions of law, and if deemed necessary, should hear additional evidence so that the issues presented may be fully explored and properly evaluated.

In the present posture of the record we are unable to intelligently determine whether there is any factual basis for the application of Escobedo or Jackson. In any event, no implication should be made

---

**2.** In briefs filed by appellant pro se and by his counsel it is apparent that the question whether appellant is entitled to have the sentence of 14 to 60 years vacated and a proper sentence imposed is regarded as of secondary importance. The Attorney General of Minnesota while conceding that the sentence imposed is excessive, takes the position that appellant has available state remedies to correct this situation and that habeas corpus at this time is premature inasmuch as appellant has not served the sentence provided for the offense upon which the conviction rested (7 to 30 years). State ex rel. Nelson v. Tahash, 265 Minn. 330, 121 N.W.2d 584 (1963).

from our remand that Escobedo and Jackson are to be applied in retrospect. We do not reach that question.

Reversed and remanded for further proceedings.