James D. NELSON, Appellant,

v.

R. H. TAHASH, Warden, Minnesota State Prison, and Adult Corrections Commission of the State of Minnesota, Appellees.

No. 17720.

United States Court of Appeals Eighth Circuit.

June 30, 1965.

Rehearing Denied July 27, 1965.

Michael Berens, Rochester, Minn., filed typewritten brief for appellant.

Walter F. Mondale, Atty. Gen., Charles E. Houston, Sp. Asst. Atty. Gen., St. Paul, Minn., filed brief for appellee.

Before JOHNSEN, Chief Judge, and VOGEL and RIDGE, Circuit Judges.

PER CURIAM.

This is an appeal from the United States District Court, District of Minnesota. James D. Nelson, the appellant, a prisoner of the State of Minnesota when these proceedings were commenced but now a parolee in the custody of the Adult Corrections Commission of the State of Minnesota, has, upon the issuance of a Certificate of Probable Cause by this court, appealed from the denial of a petition for a writ of habeas corpus after a hearing in the District Court in which appellant was represented by appointed counsel and in which he was permitted to be present and to testify.

Commitment of appellant to the Minnesota State Prison was made in 1955 on two indeterminate concurrent sentences—one for a felony conviction of failing to support his minor child with intent to abandon and avoid responsibility for such support, and the other for a felony conviction of second degree forgery in fraudulently uttering a forged check. The maximum period of imprisonment under the Minnesota statutes for the non-support offense was five years, except that the punishment was subject to being doubled under the state's Habitual Offender Act and it was so enhanced in appellant's situation because of a previous Delaware felony conviction against him. The maximum period of imprisonment for the second degree for-

gery offense was ten years, except that the punishment was similarly subject to being doubled and it was so enhanced in appellant's situation because of the Delaware felony conviction against him. Thus, appellant was committed on two indeterminate sentences of ten and twenty years maximum respectively which were to run concurrently.

■ Appellant alleges that with his statutory good time allowance or deductions taken into account, he has at the present time served more than ten years of prison time—although this may not have been the fact at the time the appellant was denied a writ of habeas corpus by the District Court. Accepting appellant's allegation as true, his present confinement or parole would not be on the basis of his non-support sentence and that sentence thus would be without significance on the question of his right to release on this federal habeas corpus proceeding. Also it would mean that what appellant in fact is now serving, or for which he is now in custody on parole, is the ten-year enhancement made in his second degree forgery sentence by reason of his Delaware conviction. Since the enhancement, however, was simply part of the sentence for the forgery offense, his confinement or present custody on parole thereon would, of course, entitle him to raise by collateral attack any constitutional infirmities or violations of substantive rights which might have occurred in his forgery conviction or in respect to the enhancement of punishment due to his previous Delaware conviction falling within the concepts and standards of Townsend v. Sain, 1963, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770, and Fay v. Noia, 1963, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837.

The record before us does not demonstrate the reason why the District Court denied appellant's application for a writ of habeas corpus. It may well have been denied because appellant at that time was still serving the ten-year sentence and hence not entitled to a granting of the writ or it may have been because the court felt that the appellant had not exhausted his remedies in the state courts of Minnesota.[1] In any event, and assuming that the handicap of not having served the first ten-year sentence to be now out of the way, appellant then, in his petition for rehearing, and now, makes collateral attack on the Delaware conviction of July 31, 1953, in the Superior Court of Kent County, Delaware, of the crime of grand larceny, alleging that he was (1) arrested without a warrant at two o'clock in the morning; (2) that he was chained to a railing in a police barracks until eight-thirty in the morning; (3) that he was then beaten upon his refusal to confess the crime of larceny until he did confess, and was then arraigned and pleaded guilty to such crime; (4) that he was without the benefit of counsel and was not offered counsel prior to or during the proceedings.

■ Appellant here attempted to obtain a writ of habeas corpus in the state courts of Minnesota. These efforts terminated with the Minnesota Supreme Court, in the case of State ex rel. Nelson v. Tahash, 1963, 265 Minn. 330, 121 N.W.2d 584, 585, wherein that court held that Nelson was not eligible for release on habeas corpus "even though the finding of guilt of a prior felony is invalid, until he has served as a minimum the maximum term of the sentence which is free from objection, less time off for good behavior," and that, "Inasmuch as petitioner has not served the maximum term for forgery and does not attack or question the validity of his conviction for

---

1. Appellant, at page 20 of his brief states:
   " * * * The hearings and presentations to the court on the first petition were directed primarily to substantive questions of Minnesota law and not to the development of the facts upon which the constitutional attack on the Delaware conviction is made. It would no doubt be more efficient if all of appellant's various claims would have been presented to the district court and specific findings and conclusions made in respect to them in a single proceeding."

that crime, the petitions clearly are premature under all of our former decisions and petitioner was not entitled to release on habeas corpus at the time of the hearing and decision on either of them." This wording suggests that inasmuch as the handicap referred to by the Minnesota Supreme Court has now been removed, a petition for a writ of habeas corpus to that court would be considered on its merits and that appellant has not exhausted his state remedies and should reapply for a writ in the Minnesota courts. The Supreme Court of Minnesota gave further substance to that view in a very recent case, State ex rel. Nelson v. Tahash, decided May 28, 1965. Therein the Minnesota court indicates that it would, indeed, consider the validity of the Delaware conviction in the light of Gideon v. Wainwright, 1963, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, 93 A.L.R.2d 733. We accordingly find that the appellant has not exhausted his state remedies. The District Court's denial of the petition for writ of habeas corpus is affirmed.