## STATE EX REL. PHILIP D. HOLM v. RALPH H. TAHASH.

139 N. W. (2d) 161.

December 17, 1965—No. 39,717.

James H. Manahan, for appellant.

Robert W. Mattson, Attorney General, Charles E. Houston, Special As-

---

[3] State v. Billington, 241 Minn. 418, 424, 63 N. W. (2d) 387, 391.

sistant Attorney General, and *Gerard W. Snell,* Solicitor General, for respondent, warden of State Prison.

ROGOSHESKE, JUSTICE.

In August 1955, petitioner, then 22, was sentenced by the District Court of Ramsey County to an indeterminate term of 10 to 80 years upon his plea of guilty to the crime of first-degree robbery and one prior conviction for robbery in the State of Nevada in 1953. The sentence of 5 to 40 years prescribed for the underlying offense [1] was doubled because of his prior felony conviction.[2] In a petition for a writ of habeas corpus, filed in September 1964 with the District Court of Washington County, he alleges that his Nevada conviction was obtained in violation of his Federal constitutional right to counsel made obligatory on the states by Gideon v. Wainwright.[3]

In this habeas proceeding, only the validity of the prior conviction is challenged. Even though that conviction were ultimately declared void, petitioner would not be entitled to discharge since he has not yet fully served the sentence for the Minnesota crime of robbery, which is not here under attack. At most, he can only expect to be remanded for resentencing.

Thus, the question presented on this appeal is whether habeas corpus should be extended to permit a collateral attack upon the prior judgment of conviction upon the ground of a claimed denial of Federal constitutional guarantees, though the petitioner has yet to serve the maximum sentence for the underlying conviction.

■ Adhering to State ex rel. Flynn v. Rigg, 256 Minn. 304, 98 N. W.

---

[1] Minn. St. 1961, § 619.42, superseded by Minn. St. 609.245 (L. 1963, c. 753, § 609.245).

[2] Minn. St. 1961, § 610.28, superseded by Minn. St. 609.155 (L. 1963, c. 753, § 609.155).

[3] 372 U. S. 335, 83 S. Ct. 792, 9 L. ed. (2d) 799, 93 A. L. R. (2d) 733. Cases holding Gideon must be retroactively applied include United States ex rel. Durocher v. LaVallee (2 Cir.) 330 F. (2d) 303, certiorari denied, 377 U. S. 998, 84 S. Ct. 1921, 12 L. ed. (2d) 1048; Palumbo v. New Jersey (3 Cir.) 334 F. (2d) 524.

(2d) 79, and a long line of cases[4] holding such attacks premature, the trial court denied the petition without affording petitioner an evidentiary hearing to prove his claim.

Our previous decisions uniformly hold that the alleged invalidity of the prior conviction cannot be raised by habeas corpus unless the petitioner has served at least the maximum term for the underlying sentence, less time off for good behavior. State ex rel. Nelson v. Tahash, 265 Minn. 330, 121 N. W. (2d) 584. There can be little doubt that our past refusal to permit habeas corpus to be used to collaterally attack a prior judgment of conviction prematurely is based in large part upon considerations of the fundamental purpose and scope of the writ. Historically, its vital purpose was to secure the speedy and immediate release of those illegally imprisoned.[5] Since the inquiry directed by the writ does not seek a review of errors committed by a court having jurisdiction over the offense and the person, it logically follows that the proceeding was available only to challenge the right to present detention. As stated in State ex rel. Petcoff v. Reed, 138 Minn. 465, 466, 163 N. W. 984:

"* * * [T]he prisoner is not entitled to a discharge on habeas corpus until he has fully performed so much of the sentence as the court had power to impose."

The overall limitations on the scope of the remedy afforded by habeas corpus, often repeated in our decisions, is well summarized in Willoughby v. Utecht, 223 Minn. 572, 578, 27 N. W. (2d) 779, 783, 171 A. L. R. 535, 539:

---

[4] State ex rel. Nelson v. Tahash, 265 Minn. 330, 121 N. W. (2d) 584; State ex rel. Peterson v. Tahash, 260 Minn. 192, 109 N. W. (2d) 328; State v. Castle, 260 Minn. 293, 109 N. W. (2d) 593, certiorari denied, 368 U. S. 978, 82 S. Ct. 481, 7 L. ed. (2d) 439; State ex rel. Stout v. Rigg, 252 Minn. 503, 90 N. W (2d) 910, certiorari denied, 358 U. S. 847, 79 S. Ct. 75, 3 L. ed. (2d) 83.

[5] "The office of the writ of habeas corpus is to afford the citizen a speedy and effective method of securing his release when illegally restrained of his liberty." State ex rel. Bales v. Bailey, 106 Minn. 138, 139, 118 N. W. 676, 19 L. R. A. (N.S.) 775. See, also, Wojahn v. Halter, 229 Minn. 374, 379, 39 N. W. (2d) 545, 548; State ex rel. Bassett v. Tahash, 263 Minn. 447, 448, 116 N. W. (2d) 564, 565.

"* * * Because the sentence is a judgment, the rules applicable to collateral attack on a judgment apply where a collateral attack is made on a sentence. Ordinarily, the only questions open to review on habeas corpus after conviction of a crime are whether the court had jurisdiction of the crime and the defendant (of the subject matter and the person); whether the sentence was authorized by law; and, in certain cases, whether defendant was denied fundamental constitutional rights. The writ may not, however, be used as a substitute for an appeal or a motion to correct, amend, or vacate."

Thus it was reasoned in cases similar to the one before us that, since the judgment challenged is res judicata of the validity of the prior judgment of conviction, under traditional concepts it is immune from attack except in a direct proceeding in the action in which the prior judgment was rendered.

Despite these procedural restrictions, and because of the absence of any statute providing a postconviction procedure,[6] the scope of review and the relief available by habeas corpus has been extended by many recent decisions of this court.[7] A brief review of only a fraction of these decisions will demonstrate that we have now found it necessary to regard habeas corpus as a postconviction procedure by which a convicted prisoner can obtain an evidentiary hearing and determination of any claimed violation of fundamental rights, including those guaranteed by the Federal Constitution.

This enlargement in scope has been dictated by recent decisions of the United States Supreme Court which have broadened the postconvic-

---

[6] So far as we know, the legislature has not yet been called upon to enact a postconviction-remedy statute similar to those enacted by Illinois, Maryland, North Carolina, Maine, Oregon, Nebraska, and as proposed by the National Conference of Commissioners on Uniform State Laws.

[7] State ex rel. Cole v. Tahash, 269 Minn. 1, 129 N. W. (2d) 903; State ex rel. Branchaud v. Hedman, 269 Minn. 375, 376, 130 N. W. (2d) 628, 629; State v. Clark, 270 Minn. 181, 132 N. W. (2d) 811; State ex rel. Smith v. Tahash, 272 Minn. 168, 174, 136 N. W. (2d) 617, 621; State v. DeCloux, 272 Minn. 94, 136 N. W. (2d) 657; State ex rel. Dinneen v. Tahash, 272 Minn. 7, 136 N. W. (2d) 847. See, State v. Pruitt, 264 Minn. 243, 244, 119 N. W. (2d) 32, 34.

tion jurisdiction of the Federal trial courts to the extent that any Federal constitutional violation in a state prosecution affords a ground for relief by Federal habeas corpus. Fay v. Noia, 372 U. S. 391, 83 S. Ct. 822, 9 L. ed. (2d) 837; Townsend v. Sain, 372 U. S. 293, 83 S. Ct. 745, 9 L. ed. (2d) 770; Sanders v. United States, 373 U. S. 1, 83 S. Ct. 1068, 10 L. ed. (2d) 148. While it is true that these cases essentially deal with remedies available under procedures authorized by Federal law,[8] their unmistakable effect is to make available to any state prisoner a procedure in the Federal courts by which he may collaterally attack a final judgment of conviction by a state court, including those affirmed following appellate review. Moreover, as we noted in State ex rel. Dinneen v. Tahash, 272 Minn. 7, 13, 136 N. W. (2d) 847, 851, Noia established that—

"* * * conventional notions of finality of litigation may not stand in the way of review where an infringement of constitutional rights is alleged and * * * the principle of res judicata is no longer applicable to habeas corpus proceedings."

As foreshadowed in 1949 by Young v. Ragen, 337 U. S. 235, 69 S. Ct. 1073, 93 L. ed. 1333, it has now become apparent that states must afford their prisoners some adequate postconviction procedure by which their claims of denial of Federal rights may be heard and determined.[9] Failure to do so would inevitably result in a practice of remitting such prisoners to Federal courts. Such a practice not only would be disruptive to the maintenance of proper relations between state and Federal courts, but would also erode the doctrine of exhaustion of state remedies as a prerequisite for access to the Federal courts. As stated in the Young case (337 U. S. 238, 69 S. Ct. 1074, 93 L. ed. 1336):

"* * * The doctrine of exhaustion of state remedies, to which this Court has required the scrupulous adherence of all federal courts * * * presupposes that some adequate state remedy exists."

Above all, refusing to make available an adequate remedy by broadening our procedures when it is within our power to do so could be re-

---

[8] 28 USCA, § 2241, et seq.

[9] Case v. Nebraska, 381 U. S. 336, 85 S. Ct. 1486, 14 L. ed. (2d) 422.

garded as an abdication of our primary responsibility for the administration of criminal justice by the courts of this state.

As suggested above, once the time for appeal has passed, there does not exist in this state any procedure by which the constitutionality of criminal convictions can be adjudicated unless it be by habeas corpus, coram nobis, or a motion to vacate. We therefore conclude that, pending enactment of a postconviction-procedure statute which will meet constitutional requirements, habeas corpus is available to a convicted prisoner for the purpose of securing a hearing and determination of any claim of denial of Federal constitutional guarantees.

■ Viewing the petition before us as an application for postconviction relief, and in light of vastly changing notions as to the remedy which should be made available through postconviction procedure, we believe petitioner should be granted a hearing on his claim in this case.

While it may be argued that he is being permitted to litigate his right to liberty at a future date, the real effective basis for his continued imprisonment could well be the increased punishment imposed. If he establishes his claim, his prior conviction is void.[10] Upon remand, his sentence could not be increased because of his prior record. On the contrary, it is remotely possible that the resentencing judge might limit the maximum to less than 40 years for the present offense. It is also possible, even though unlikely, that the sentence could be limited to no more than the period he has already served, which now exceeds twice the minimum sentence of 5 years for the present offense. Under his present sentence, it is reasonable to believe, as he argues, that his opportunities, if not his eligibility, for release on parole are adversely affected.[11] At least they would be affected to the extent that the time between periodic hearings before the paroling authority, customarily granted to all inmates, may be increased solely because of the length of his sentence.

These reasons alone demonstrate that the validity of the prior convic-

[10] State v. Taylor, 270 Minn. 333, 337, 133 N. W. (2d) 828, 831. See, also, cases listed in footnote 3.

[11] Except in cases of imprisonment for life, the Adult Corrections Commission is vested with discretionary authority to release a prisoner. Minn. St. 609.12 (L. 1963, c. 753, § 609.12).

tion is a factor affecting the state's right to present custody of the petitioner. If, as suggested in Fay v. Noia, 372 U. S. 391, 427, 83 S. Ct. 822, 843, 9 L. ed. (2d) 837, 862, "custody," broadly construed, is to be equated with "restraint of liberty," petitioner is at least in as favorable a position to challenge the basis for claimed illegal restraint as one who, while on parole, is permitted to collaterally attack his conviction. It was recently held in Jones v. Cunningham, 371 U. S. 236, 83 S. Ct. 373, 9 L. ed. (2d) 285, 92 A. L. R. (2d) 675, that one released on parole is in "custody" within the meaning of the term as used in a habeas proceeding under Federal law.[12]

But a more persuasive reason exists for not presently regarding the petition as premature. In order to protect against future false claims by prisoners, it is clearly desirable that as little delay as possible occur before a claimant is put to his proof. If petitioner were required to wait for a hearing until he has served 40 years, less good time, it is easy to surmise that the only evidence available would be petitioner's oral testimony. The burden resting upon the state to establish the validity of a prior conviction of such vintage would be impossible to sustain. Apart from the nonexistence of witnesses, the records would be unavailable, in keeping with the rather common practice of destroying transcripts as well as official records over 10 years old.[13] It seems only reasonable that if we are to permit these delayed collateral attacks at all, the courts should hear them when presented rather than aggravate the difficulties by permitting further passage of time to operate to the disadvantage of either the petitioner or the state. Other states confronted with this problem have also disregarded the historical limitations on the use of habeas corpus and have granted a hearing to alleviate the difficulties inherent in further delay.[14]

Finally, even though the United States Supreme Court, over 30 years

---

[12] We are not unmindful of our contrary holdings in State ex rel. Koalska v. Rigg, 247 Minn. 149, 76 N. W. (2d) 504, and State ex rel. Ferrario v. Rigg, 259 Minn. 565, 108 N. W. (2d) 309.

[13] Minn. St. 46.21; 384.14; 485.23.

[14] State v. Burke, 27 Wis. (2d) 244, 133 N. W. (2d) 753; Commonwealth ex rel. Stevens v. Myers, 419 Pa. 1, 213 A. (2d) 613.

ago in McNally v. Hill, 293 U. S. 131, 55 S. Ct. 24, 79 L. ed. 238, employed the prematurity concept to deny relief by habeas corpus, the majority of the Federal courts more recently confronted with the problem regard that decision as qualified by later cases and grant evidentiary hearings.[15] It thus can be anticipated that, were we to deny relief, an evidentiary hearing and adjudication would be afforded under Federal habeas corpus. Accordingly, we hold that, where the time to appeal has expired, habeas corpus is available to collaterally attack the validity of the prior conviction upon the ground of a claimed denial of Federal constitutional rights. It follows that petitioner is entitled to a hearing and determination of his claim, and the proceeding is remanded for that purpose.

Reversed and remanded.

MR. JUSTICE SHERAN took no part in the consideration or decision of this case.

---

[15] United States ex rel. Durocher v. LaVallee, *supra;* United States ex rel. Foreman v. Fay (S. D. N. Y.) 184 F. Supp. 535; Martin v. Commonwealth (4 Cir.) 349 F. (2d) 781; United States ex rel. LaNear v. LaVallee (2 Cir.) 306 F. (2d) 417; United States ex rel. Smith v. Jackson (2 Cir.) 234 F. (2d) 742. Contra, United States ex rel. Brown v. Warden (S. D. N. Y.) 231 F. Supp. 179.