**James D. BOOKER, Appellant,**

v.

**STATE OF ARKANSAS, Appellee.**

No. 18538.

United States Court of Appeals
Eighth Circuit.

July 10, 1967.

James D. Booker, pro se.

Joe Purcell, Atty. Gen., and R. D. Smith, III, Asst. Atty. Gen., Little Rock, Ark., filed brief for appellee.

Before BLACKMUN, MEHAFFY and GIBSON, Circuit Judges.

PER CURIAM.

We are concerned here with the efforts of a federal prisoner to free himself from a state conviction and an unsatisfied state sentence.

In August 1961 James D. Booker, by his plea of guilty, convicted himself in the Circuit Court of Faulkner County, Arkansas, of a state charge of larceny. Ark.Stat.Ann. §§ 41–3901 and 41–3902 (Repl.1964). He received a sentence of seven years in the Arkansas penitentiary. § 41–3907. On March 10, 1964, after having served one-third of this sentence, Booker was placed on parole by the Arkansas State Penitentiary Board and released. §§ 43–2801, 43–2802, and 43–2823. While on parole he was charged with the commission of a federal crime, was convicted, and was given a sen-

tence of ten years. He is now serving that sentence in the United States Penitentiary at Atlanta, Georgia. The record before us does not reveal the nature or date of the federal crime, the identity of the sentencing court, or when Booker began his federal term. Booker, however, is not now attacking in any way his federal sentence or his present confinement under it.

Arkansas has lodged a detainer against Booker with the Atlanta prison. As a consequence, unless the detainer is lifted, he will be returned to Arkansas upon his release from Atlanta.

Booker filed with the United States District Court for the Eastern District of Arkansas, in forma pauperis and pro se, his "Application for Writ of Mandamus and Declaratory Judgment". By this he seeks to void his state conviction. He alleges that he was denied counsel in the state criminal proceeding; that he had no preliminary hearing; that his guilty plea was obtained by threats, inducements and promises made to him by various state officials; that he has made restitution; that his clothing was stolen at the jail; and that his tools were taken from his car by a deputy sheriff. He asks that the federal court order a "dismissal" of the state sentence and that the detainer be removed. There is no allegation of eligibility for federal parole under 18 U.S.C. § 4202.

Judge Young ruled that the federal court had no power to issue the requested writ to the Arkansas authorities. Then, treating the pleading as a petition for a writ of habeas corpus, he denied relief on the ground that habeas corpus "cannot be used to question the validity of a sentence not then being served", citing McNally v. Hill, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238 (1934). Booker's petition, accordingly, was dismissed.

On his appeal here Booker asserts that it was error for the trial court to treat his pleading as being in the nature of a request for habeas corpus relief; that the court should have assumed jurisdiction under its power to review upon a writ of error coram nobis; and that the trial court has the duty to order him released after service of his federal sentence.

■ Since Booker asserts that the district court misconstrued the nature of his petition, we consider the essence of his complaint and do so, without controlling reference to the label or title of his pleadings, in order that we may determine whether the court had jurisdiction under any theory which might afford relief. See Andrews v. United States, 373 U.S. 334, 338, 83 S.Ct. 1236, 10 L.Ed.2d 383 (1963); United States v. Morgan, 346 U.S. 502, 505, 74 S.Ct. 247, 98 L.Ed. 248 (1954); Darr v. Burford, 339 U.S. 200, 203–204 (1950); Azzone v. United States, 341 F.2d 417, 418–419 (8 Cir. 1965), cert. denied 381 U.S. 943, 85 S.Ct. 1782, 14 L.Ed.2d 706; Burns v. United States, 321 F.2d 893, 896 (8 Cir. 1963), cert. denied 375 U.S. 959, 84 S.Ct. 448, 11 L.Ed.2d 317. We take the various possibilities in turn:

■ 1. Mandamus. The writ of mandamus in civil actions in the federal district courts is abolished. Rule 81(b), Fed.R.Civ.P. Relief in the nature of mandamus is confined to situations where it is in necessary aid of the court's jurisdiction. Covington & Cincinnati Bridge Co. v. Hager, 203 U.S. 109, 110, 27 S.Ct. 24, 51 L.Ed. 111 (1906); Petrowski v. Nutt, 161 F.2d 938, 939 (9 Cir. 1947), cert. denied 333 U.S. 842, 68 S.Ct. 659, 92 L.Ed. 1126; United States ex rel. Vassel v. Durning, 152 F.2d 455 (2 Cir. 1945). Obviously, this accomplishes nothing for Booker.

■ 2. Declaratory judgment. If Booker's petition is to be considered as one whereby he seeks relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202, the trial court's dismissal of the petition was necessarily appropriate and correct. This court and others consistently have refused to use federal declaratory judgment procedure as a means of attack upon a state criminal judgment. Waldon v. State of Iowa, 323 F.2d 852 (8 Cir. 1963); Christopher

v. State of Iowa, 324 F.2d 180 (8 Cir. 1963); United States ex rel. Bennett v. People of State of Illinois, 356 F.2d 878 (7 Cir. 1966), cert. denied 384 U.S. 946, 86 S.Ct. 1472, 16 L.Ed.2d 544. See Fay v. Noia, 372 U.S. 391, 431, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963); Gajewski v. United States, 368 F.2d 533, 534 (8 Cir. 1965), cert. denied 386 U.S. 913, 87 S.Ct. 865, 17 L.Ed.2d 786; Coronado v. United States, 341 F.2d 918 (5 Cir. 1965), cert. denied 381 U.S. 943, 85 S.Ct. 1782, 14 L.Ed.2d 707.

■ 3. Habeas corpus. If Booker's petition is to be considered as one whereby he seeks relief under the habeas corpus statutes, 28 U.S.C. §§ 2241 and 2254, that is, the usual habeas corpus ad subjiciendum, his petition (wholly apart from any question of the necessity, under 28 U.S.C. § 2253, of a certificate of probable cause, absent here, see Hart v. Ohio Bureau of Probation and Parole, 290 F.2d 550, 551–552 (6 Cir. 1961)) must be denied.

Booker is an inmate of the federal penitentiary at Atlanta, Georgia. His incarceration there is concededly lawful and it has been continuous since prior to the filing of his petition in the Eastern District of Arkansas. Atlanta is in the Fifth Circuit and the Northern District of Georgia. 28 U.S.C. §§ 41 and 90(a) (2). Although the detainer was placed in Georgia by Arkansas officials, Booker was not within the territorial jurisdiction of the Eastern District of Arkansas, or, indeed, within the territorial jurisdiction of the Eighth Circuit when his present petition was filed. The district court, therefore, has no jurisdiction to issue the writ. 28 U.S.C. § 2241(a); Ahrens v. Clark, 335 U.S. 188, 68 S.Ct. 1443, 92 L.Ed. 1898 (1948); Karp v. United States, 296 F.2d 564 (8 Cir. 1961), cert. denied 369 U.S. 867, 82 S.Ct. 1034, 8 L.Ed.2d 86; Hart v. Ohio Bureau of Probation and Parole, supra, p. 551 of 290 F.2d (facts identical to those here). See Carbo v. United States, 364 U.S. 611, 619, 81 S.Ct. 338, 5 L.Ed.2d 329 (1961). Compare Ex parte Endo, 323 U.S. 283, 65 S.Ct. 208, 89 L.Ed. 243 (1944); Jones v. Cunningham, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963). Thus, federal habeas jurisdiction, if it exists at all, presently lies with the United States District Court for the Northern District of Georgia.*

■ 4. Coram nobis. If Booker's petition is to be considered as one whereby he seeks relief by way of a writ of error coram nobis, the trial court's denial of the petition was also correct and inevitable. Procedurally, coram nobis is a step in the original criminal proceeding itself. McDonald v. United States, 356 F.2d 980, 981 (10 Cir. 1966), cert. denied 385 U.S. 936, 87 S.Ct. 298, 17 L.Ed.2d 298; 18 Am.Jur.2d, Coram

---

* Decided cases provide another reason why habeas corpus relief is not available. Booker is in federal, not Arkansas, custody. His federal custody is not under attack. Thus, even though he were to possess grounds sufficient successfully to challenge his Arkansas conviction and sentence, this, without more, does not entitle him to relief by way of Federal habeas corpus. McNally v. Hill, supra, 293 U.S. 131, 136–140, 55 S.Ct. 24 (1934); Burnside v. Nebraska, 378 F.2d 915 (8 Cir. 1967). However, when another conviction may adversely affect a sentence being served, some decisions indicate that, under appropriate factual circumstances, the formal custody concept is losing significance and habeas corpus, or other procedure, may provide a means for challenging the validity of the other conviction. See Ex parte Hull, 312 U.S. 546,

549–560, 61 S.Ct. 640, 85 L.Ed. 1034 (1941); Jones v. Cunningham, supra; Martin v. Virginia, 349 F.2d 781 (4 Cir. 1965); Williams v. Peyton, 372 F.2d 216 (4 Cir. 1967); United States ex rel. Durocher v. LaVallee, 330 F.2d 303, 306 (2 Cir. 1964), cert. denied 377 U.S. 998, 84 S.Ct. 1921, 12 L.Ed.2d 1048; Judge Rives, dissenting, in Young v. United States, 337 F.2d 753, 757–758 (5 Cir. 1964); Mathis v. United States, 369 F.2d 43, 48–49 (4 Cir. 1966); State ex rel. Holm v. Tahash, 272 Minn. 466, 139 N.W.2d 161 (1965). Compare Carson v. Executive Director, 292 F.2d 468, 469 (10 Cir. 1961). Because of the absence of territorial jurisdiction in the Arkansas federal court, we need not pass upon any such possible aspect of Booker's case. We leave that issue, if it exists, to the proper habeas court.

Nobis, § 6, p. 460 (1965). Relief by the writ then is available, if at all, only in the court which rendered the judgment under attack. Thomas v. Cunningham, 335 F.2d 67, 69 (4 Cir. 1964); Madigan v. Wells, 224 F.2d 577, 578, footnote 2 (9 Cir. 1955), cert. denied 351 U.S. 911, 76 S.Ct. 700, 100 L.Ed. 1446; Sanchez Tapia v. United States, 227 F.Supp. 35 (S.D.N.Y.1964), aff'd 338 F.2d 416 (2 Cir. 1964); People v. Mc-Cullough, 300 N.Y. 107, 89 N.E.2d 335, 337 (1949), cert. denied 339 U.S. 924, 70 S.Ct. 615, 94 L.Ed. 1346; Ham v. State ex rel. Prosecuting Attorney, 234 Ark. 231, 351 S.W.2d 428, 429 (1961).

■ And we have noted, citing United States v. Morgan, supra, pp. 511–512 of 346 U.S., p. 253 of 74 S.Ct., that "error *coram nobis* relief should not be granted except under compelling circumstances" and that the writ "was designed only to correct errors 'of the most fundamental character' ". Gajewski v. United States, supra, p. 534 of 368 F.2d; Azzone v. United States, supra, p. 418 of 341 F.2d.

■ Arkansas recognizes coram nobis. See Ridgeway v. State, 239 Ark. 377, 389 S.W.2d 617, 619–620 (1965), cert. denied 382 U.S. 902, 86 S.Ct. 236, 15 L.Ed.2d 156. We cannot presume that the Arkansas court will ignore, as Booker suggests, any coram nobis petition he files with it. We must assume that that court will pass promptly upon his petition.

Thus, coram nobis relief as to Booker's Arkansas conviction, if available at all, is to be obtained only in the Circuit Court of Faulkner County, Arkansas. It is not available in the United States District Court for the Eastern District of Arkansas.

If and when a court grants Booker relief as to his state conviction, the effect of that relief on the status of the detainer at Atlanta will be at once apparent.

By supplementary papers filed in this court, Booker seeks to raise new issues relating to alleged mistreatment at his arrest and during his confinement in the Arkansas penitentiary and speaks further of his restitution of funds and of the disappearance of his clothes and tools. These matters have no relevance upon the question of jurisdiction of the federal trial court to grant relief from his state conviction and sentence.

Inasmuch as the United States District Court for the Eastern District of Arkansas has no jurisdiction or power to afford Booker relief by mandamus, or under the Declaratory Judgment Act, or in habeas corpus, or in coram nobis, that court's judgment dismissing his petition must be and is affirmed.