Homer J. **LEWELLEN**, Petitioner,

v.

**STATE OF MISSOURI**, Respondent.

No. 1260.

United States District Court
W. D. Missouri,
Central Division.

Dec. 20, 1967.

**10**

Homer J. Lewellen, pro se.

Norman Anderson, Atty. Gen. of Mo., Jefferson City, Mo., for respondent.

## MEMORANDUM AND ORDER

### JOHN W. OLIVER, District Judge.

Petitioner, an inmate at the Missouri State Penitentiary at Jefferson City, seeks leave to file a petition for a writ of habeas corpus *in forma pauperis*. Leave to so proceed will be granted.

The petition alleges that a detainer has been filed against petitioner by the Magistrate Court of Jackson County, Missouri, and that that Court has refused to act either to bring petitioner to trial or dismiss the action. The petition further alleges that petitioner has sought remedy in the State courts by way of a writ of mandamus in the Circuit Court of Jackson County and the Supreme Court of Missouri. The petition further alleges that both of those Courts denied petitioner relief.

Petitioner does not contend that his present custody is unlawful. Further, petitioner does not contend that the detainer about which he complains adversely affects in any way his present sentence. And, finally, even if petitioner did contend that his present sentence was adversely affected by the detainer about which he complains, he does not contend that he has appropriately presented that issue to the State courts.

Petitioner acknowledges some familiarity with his remedies under the Uniform Mandatory Disposition of Detainers Law. which was adopted by Missouri. Section 222.080(1) provides:

> Any person imprisoned in a correctional institution of this state may request a final disposition of any untried indictment or information pending in this state against him while so imprisoned. The request shall be in writing addressed to the court in which the indictment or information is pending and to the prosecuting attorney charged with the duty of prosecuting it, and shall set forth the place of imprisonment.

Subparagraph (3) of that Section provides:

> Failure of the director of corrections to inform a prisoner, as required by this section, within one year after a detainer has been filed at the institution shall entitle him to a final dismissal of the indictment or information with prejudice. (L.1959 H.B. No. 259 § 1)

If petitioner complies with the specific requirements of subparagraph (1) of Section 222.080, that a written request for final disposition of an untried charge be sent to the Court *and* the prosecuting attorney, then Section 222.100 provides:

> Within one hundred and eighty days after the receipt of the request and certificate by the court and the prosecuting attorney or within such additional necessary or reasonable time as the court for good cause shown in open court, the prisoner or his counsel being present, may grant, the indictment or information shall be brought to trial; provided, that the parties may stipulate for a continuance or that it may be granted on notice to the attorney of record of an opportunity for him to be heard. *If, after such request, it is not brought to trial within that period, no court of this state shall any longer have jurisdiction thereof, nor shall the untried indictment or information be of any further force or effect; and the court shall issue an order dismissing the same with prejudice.* (Emphasis added).

■■ It is clear to us that petitioner has no remedy in this Court at this time. McNally v. Hill, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238 (1934); Booker v. State of Arkansas, (8th Cir. 1967), 380 F.2d 240. And even if petitioner were to contend that the detainer adversely affected his present sentence, (see Booker v. State of Arkansas, supra, footnote at p. 243), he has not exhausted that question in the State courts. White v. Swenson, W.D.Mo.1966, 261 F.Supp. 42, 45.

For the above stated reasons, it is

Ordered that the petitioner be, and is hereby, granted leave to proceed *in forma pauperis;* it is further

Ordered that the relief sought in the petition be, and is hereby, denied.