## STATE EX REL. CLIFTON E. ROY v. RALPH H. TAHASH.

152 N. W. (2d) 301.

July 14, 1967 — No. 40,611.

*C. Paul Jones,* State Public Defender, and *Ronald L. Haskvitz,* Assistant State Public Defender, for appellant.

*Douglas M. Head,* Attorney General, *Gerard W. Snell,* Acting Solicitor General, and *David C. Weinberg,* Special Assistant Attorney General, for respondent, warden of State Prison.

ROGOSHESKE, JUSTICE.

This case and four other cases decided today [1] all raise the question

---

[1] State ex rel. Cable v. Tahash, 277 Minn. 503, 152 N. W. (2d) 308;

of the necessity of a plenary evidentiary hearing in a habeas corpus proceedings which under our recent decisions has been enlarged in scope and made available to state prisoners as a transitional postconviction remedy for the hearing of alleged violations of fundamental rights.

In all of the cases reviewed the petitions for the writ were filed after the time to appeal from the judgment of conviction had lapsed. In all save one—where there was a trial—the judgments of conviction followed pleas of guilty.

All of the petitions for the writ alleged deprivation of constitutional rights and were prepared, signed, and filed by the assistant public defender on behalf of the prisoner. Each was served upon respondent and filed in Washington County District Court prior to the enactment of Minn. St. 590.01, et seq., L. 1967, c. 336, the postconviction-remedy statute which became effective May 12, 1967.

In this case, petitioner, on June 14, 1965, was sentenced to imprisonment by the District Court of Hennepin County to an indeterminate term of up to 4 years upon his plea of guilty to burglary. The acts constituting the offense were the burglarious theft of a safe and its contents from the Warner Hardware Company in Minneapolis. The petition for the writ was filed August 2, 1966. It alleged that petitioner's plea was not voluntary because of "threats" of prosecuting officials that his girl friend would be put on the stand; that he was placed twice in jeopardy because he was charged, then released by the municipal court upon a finding of no probable cause, rearrested, and charged again with the same crime; and that the search of a garage, petitioner's automobile, and his person and the seizure of a safe dial and other items were illegal because the search and seizure were without a warrant or his consent and were not incident to a lawful arrest based on probable cause.

On October 18, 1966, the court denied the petition without affording petitioner an evidentiary hearing to prove his claims. As explained in a memorandum accompanying the order, the trial court found and determined that by his plea petitioner waived "each of his claims with re-

State ex rel. Ingham v. Tahash, 277 Minn. 504, 152 N. W. (2d) 308; State ex rel. Saum v. Tahash, 277 Minn. 504, 152 N. W. (2d) 309; State ex rel. Chapman v. Tahash, 277 Minn. 503, 152 N. W. (2d) 309.

spect to illegal detention except the claim of illegal search and seizure"; that a hearing based upon a stipulation of facts on a motion to suppress was afforded petitioner by the sentencing court, and the motion was properly denied; and that allegations with respect to "threats" and of being twice placed in jeopardy are "conclusions which are in no way supported by any statement of facts."

Petitioner argues that since Fay v. Noia, 372 U. S. 391, 83 S. Ct. 822, 9 L. ed. (2d) 837, and Townsend v. Sain, 372 U. S. 293, 83 S. Ct. 745, 9 L. ed. (2d) 770, an evidentiary hearing "must be granted where the Petition alleges deprivation of constitutional rights." Respondent contends that in habeas proceedings an evidentiary hearing is discretionary with the trial court, and where the allegations of the petition, examined in the light of the record, do not establish a denial of any substantial or constitutional rights, the writ may summarily be denied.

The considerations which should govern whether a convicted prisoner, deprived of his liberty, must be granted an evidentiary hearing on his petition for a writ of habeas corpus cannot be properly applied unless we recognize and accept, as we did in State ex rel. Holm v. Tahash, 272 Minn. 466, 139 N. W. (2d) 161, the necessity of affording state prisoners some effective type of post final-judgment review for the hearing and determination of claims of violations of Federal constitutional guarantees. In the Holm case we held that, pending the hoped-for enactment of c. 336, habeas corpus was to be the procedure available for such postconviction review. Because historical limitations on the scope and availability of habeas corpus would render such use of the writ wholly inadequate, it must also be accepted that these limitations must be modified or often disregarded in order to dispose of petitions for the writ on the merits rather than on procedural grounds. To effectively employ habeas corpus as an adequate postconviction remedy thus required an enlargement of the writ's scope and availability.

The main reasons compelling our transitional enlargement of our habeas proceedings are outlined in the Holm case and need not be repeated. It is sufficient that we remind ourselves that the necessity for some process of post final-judgment review was created by the impact of the decisions of the United States Supreme Court substantially revising basic

standards of criminal justice applicable to prisoners convicted and sentenced under state law. The inevitable consequence was that those who had been convicted under procedures no longer constitutionally permissible applied for relief to the state courts where the conviction occurred. Any refusal to make available adequate state corrective procedures to hear and dispose of claimed denials of Federal rights made it further inevitable that state prisoners, after exhausting state remedies, would seek relief in the Federal courts under Federal habeas corpus.[2] For it was made clear by the Supreme Court on March 18, 1963, in Fay v. Noia, *supra,* that the Federal courts under Federal law have plenary power to grant relief to state prisoners who failed to obtain adequate hearings in the state courts. At the same time it was expressly held in Townsend v. Sain, *supra,* that "where an applicant for a writ of habeas corpus alleges facts which, if proved, would entitle him to relief," the Federal court has discretionary power "to receive evidence and try the facts anew." Further, "[w]here the facts are in dispute," the Federal trial court has the mandatory duty to "hold an evidentiary hearing" unless the habeas applicant received "a full and fair evidentiary hearing in a state court, either at the time of trial or in a collateral proceeding." 372 U. S. 312, 83 S. Ct. 757, 9 L. ed. (2d) 785.

In the final analysis, either through judicial adaptation of existing state procedures so as to provide an adequate postconviction review or, preferably, legislative enactment of a comprehensive postconviction-remedy statute (as has now been done), the state is simply performing its duty to insure that, not only current state prosecutions, but also past convictions meet present Federal constitutional standards. The existence of an adequate postconviction review, therefore, has become and remains essential to retain primary control and responsibility for the proper administration of criminal justice in this state. Case v. Nebraska, 381 U. S. 336, 85 S. Ct. 1486, 14 L. ed. (2d) 422.[3]

When proceeding either under habeas as transitionally enlarged or under our new statute, it would appear desirable, if not indeed necessary,

---

[2] 28 USCA, § 2241, et seq.

[3] For a comprehensive review of the problem, see *State Criminal Procedure and Federal Habeas Corpus,* 80 Harv. L. Rev. 422.

that the rules governing the grant or denial of an evidentiary hearing be substantially comparable to those which afford to a state prisoner a trial-type hearing in the Federal courts in Federal habeas corpus proceedings. Apart from strong intimations in Case v. Nebraska, *supra,* that the Fourteenth Amendment requires that the states afford an adequate collateral review, practical considerations alone dictate that there be no unjustified deviations from Federal standards. Surely, even those who take issue with the new developments in the criminal law must agree that in guaranteeing fundamental rights there should be no double standards of justice—one for the Federal courts and another for the state courts. Moreover, to the extent that our standards substantially equate those required of the Federal trial courts, a state prisoner will be less inclined to pursue his Federal habeas remedy and Federal courts will find it unnecessary to grant evidentiary hearings where any disputed facts underlying a prisoner's claims have been fully heard and fairly determined by our trial courts. Not only will this tend to reduce to a minimum Federal intervention, but it is in keeping with the fundamental principle that state and Federal judges have coequal responsibility for applying constitutional standards of criminal justice. It is hoped it may also achieve some finality in a state conviction, thereby possibly making a prisoner more amenable to the efforts of those trying to aid his rehabilitation.

Because the problem of the need of a fact hearing in postconviction proceedings is relatively new and in the process of development, we believe caution requires that we express only the rules necessary to dispose of the single issue raised by each of the cases under review without attempting to answer foreseeable questions which may arise in the administration of our new postconviction-remedy statute.

The question we answer is: When must a plenary evidentiary hearing be granted in a state postconviction proceeding? Although each of the cases before us raises only the question of whether any of the allegations in the habeas petition were sufficient to require a fact hearing, we enlarge the question because we believe those petitions where a hearing is indicated should, upon remand, be treated and processed as a petition for postconviction relief in accordance with our supervening statute.

Adopting so far as applicable the standards expressly delineated in

Townsend, we hold that an evidentiary hearing is required whenever material facts are in dispute which have not been resolved in the proceedings resulting in conviction and which must be resolved in order to determine the issues raised on the merits. In all other cases, the holding of a hearing is in the discretion of the trial court. The type of hearing contemplated is one to receive evidence in the form of oral testimony, affidavits, or depositions. It is to be an adversary hearing, according petitioner the right to be represented by counsel and to be present, and according the parties the right to be confronted by witnesses and to cross-examine. The inquiry is plenary in the sense of imposing upon the trial judge the duty to try the facts anew.

While we urge that any doubts as to whether to hold an evidentiary hearing and to try the facts anew should be resolved in favor of either party's request therefor, we do not suggest that such a hearing is either necessary or desirable on all petitions not dismissable on the pleadings, as a literal reading of the pertinent parts of § 590.04 of our postconviction statute may indicate.[4] Where (1) the petitioner and the state agree and stipulate to the material facts, or (2) where the petition and the responsive pleading now required by § 590.03 clearly raise no factual

---

[4] Those provisions of § 590.04 are:

"Subdivision 1. Unless the petition and the files and records of the proceeding conclusively show that the petitioner is entitled to no relief, the court shall promptly set an early hearing on the petition and response thereto, and promptly determine the issues, make findings of fact and conclusions of law with respect thereto, and either deny the petition or enter an order granting appropriate relief."

"Subd. 3. If the court determines that the issues present only questions of law, it may order the petitioner to be present at the hearing; in all other cases it shall order the petitioner to be present at the hearing. If the petitioner is represented by an attorney, the attorney shall be present at any hearing.

*     *     *     *     *

"In the discretion of the court it may receive evidence in the form of affidavit, deposition, or oral testimony. The court may inquire into and decide any grounds for relief, even though not raised by the petitioner.

"The court may summarily deny a second or successive petition for similar relief on behalf of the same petitioner."

dispute and the issues present only questions of law, or (3) where any disputed facts essential to a determination of petitioner's claims on the merits have, after a full and fair hearing, been reliably found by the sentencing court, an evidentiary hearing would appear neither necessary nor desirable. In such cases the trial court in disposing of all postconviction proceedings could, as the statute now requires, "make findings of fact and conclusions of law with respect thereto," after affording the parties an opportunity to argue the issues orally or by written brief. Nor in such cases ought it to be necessary to incur the expense and risk of transporting the prisoner to the hearing.[5]

The question of whether an evidentiary hearing should have been granted in the five cases before us is not only transitory but, because no responsive pleading was interposed, requires the application of a preliminary rule which is strikingly similar to that used to test the sufficiency of a civil complaint. As declared in Townsend, the Federal trial court need not exercise its plenary power of inquiry nor reach the question of whether there is a duty to try the facts anew unless "an applicant for a writ of habeas corpus alleges facts which, if proved, would entitle him to relief." 372 U. S. 312, 83 S. Ct. 757, 9 L. ed. (2d) 785. Positively stated, where a petition alleges any facts which, if proved, would entitle the petitioner to relief, a summary dismissal of the petition is not warranted unless, during the proceeding resulting in the conviction, the sentencing court has, after a full and fair hearing, resolved and reliably found the relevant facts underlying petitioner's claims. In transitional cases, such as confront us, where there is no responsive pleading and only the petition and record of conviction are presented, and the allegations of the petition sufficiently raise fact issues, an evidentiary hearing would appear

---

[5] In arriving at our conclusions as to when an evidentiary hearing is mandatory and in expressing our views with respect to those cases where the grant or denial of such a hearing is discretionary, we acknowledge the persuasiveness of the comprehensive tentative draft entitled "Standards Relating to Post-Conviction Remedies," recently issued by the Advisory Committee on Sentencing and Reviewing to the American Bar Association Committee on Minimum Standards of Criminal Justice. This report and the anticipated final report of the committee should be required reading for all courts confronted with difficult and novel questions concerning postconviction review.

routinely necessary before findings and a disposition on its merits could be made.[6]

Admittedly this test is incomplete and its application without further inquiry would result in holding many needless trial-type hearings. It is intended to serve only the preliminary purpose of testing whether or not the petition can appropriately be dismissed on the merits without an evidentiary hearing. Where such summary disposition is not justified, it then becomes necessary to ascertain if an unresolved factual dispute exists as the basis for determining whether an evidentiary hearing is mandatory. We must acknowledge that during the period we have been treating habeas corpus as a postconviction remedy our decisions dealing with whether a summary disposition was justified do not reveal a consistent application of this test. Rather, we approached the problem on a case-by-case basis, minimizing procedural complexities and making every effort to reach and dispose of each case on the merits whenever the record appeared adequate to uphold the trial court's determination. However, we increasingly suggested that evidentiary hearings were preferred.

Since, in this and the other cases under review, we have only the petition and clerk's record before us, we have no choice but to apply this preliminary rule to dispose of the single question presented in each case, namely, whether summary dispositions without an evidentiary hearing were proper.

In this case we have no difficulty in reaching the conclusion that the trial court properly denied a fact hearing, even though the petition, while less detailed than desirable, alleged facts which, if proved, would entitle petitioner to relief.

The allegations with respect to the claim of double jeopardy, even if proved, would not entitle petitioner to relief, for a dismissal following

---

[6] Standard 4.5 of the Standards and the Commentary of the Advisory Committee referred to in footnote 5, *supra*, recommends that no cases should be routinely scheduled for an evidentiary hearing. It is suggested that further inquiry should always be made to ascertain whether material questions of fact exist and need to be resolved and that specially adapted discovery techniques and pretrial conferences be established for that purpose.

a preliminary hearing is not a bar to a subsequent prosecution. 5A Dunnell, Dig. (3 ed.) § 2425.

The allegation that petitioner's plea of guilty was coerced because of threats that his girl friend would be called to testify is of dubious constitutional significance. But, even assuming that it could be proved that his free will was overborne by such threats, this identical claim was raised before the sentencing court, an evidentiary hearing was held, the factual dispute was resolved, and the impact of such "threats" on the voluntariness of the petitioner's plea of guilty was found nonexistent before he was adjudged guilty.[7] Similarly, prior to petitioner's plea the equivalent of a full and fair evidentiary hearing was held on his motion to suppress evidence, alleging identical claims of illegal search and seizure, which was submitted upon stipulated facts. The habeas petition alleges no new facts bearing on this issue. The sentencing court made detailed findings of fact in an accompanying memorandum upon which the order denying the motion was based. Thus, this claim presents only a question of law which we decline to pass upon on this appeal because it was neither raised nor adequately briefed.

It follows that the trial court's summary denial of the writ is affirmed without prejudice to petitioner's right to reinstate his appeal to present the question of law relating to his claim of illegal search and seizure.

Affirmed.

---

[7] While this might appear to be adhering to the old habeas corpus rule forbidding impeachment of the record, which must now be regarded as inconsistent with the de novo nature and purpose of a postconviction evidentiary hearing, this record is unique in the manner in which the issue was raised and disposed of at trial and petitioner does not allege any facts in addition to those considered at the hearing.