T. Eugene THOMPSON, Petitioner,

v.

Ralph TAHASH, Warden, Minnesota State Prison, Respondent.

No. 3-67-Civ-209.

United States District Court
D. Minnesota,
Third Division.

May 7, 1968.

Ronald I. Meshbesher, Minneapolis, Minn., for petitioner.

## MEMORANDUM & ORDER

DEVITT, Chief Judge.

Petitioner, an inmate of the Minnesota State Prison at Stillwater, under a sentence of life imprisonment imposed on December 6, 1963 for first degree murder, has filed a petition for a writ of habeas corpus claiming violation of his federal constitutional rights. Following a plea of not guilty, a jury found him guilty of murdering his wife. The Minnesota Supreme Court affirmed his conviction on January 18, 1966, State v. Thompson, 273 Minn. 1, 139 N.W.2d 490 (see also 266 Minn. 385, 123 N.W.2d 378).

The United States Supreme Court denied a petition for a writ of certiorari on October 10, 1966. 385 U.S. 817, 87 S.Ct. 39, 17 L.Ed.2d 56.

Petitioner was represented by counsel at every stage of the proceedings.

Petitioner alleges several grounds in support of his claimed unlawful custody. He claims that prejudicial publicity prevented his obtaining a fair trial, hearsay testimony was improperly received against him, the prosecutor used illegally obtained evidence, he was wrongfully denied a new trial on the grounds of newly discovered evidence, and the prosecutor knowingly used perjured testimony against him, which the Petitioner denominates as subornation of perjury.[1]

It appears from the petition that the Petitioner has not filed a post-conviction petition in the state court under the Habeas Corpus Act, by way of coram nobis, or otherwise.

Although the Petitioner alleges that he has exhausted his available state court remedies it should be noted that since the petition for writ of certiorari was denied by the United States Supreme Court on October 10, 1966, the Minnesota Legislature has enacted a comprehensive post-conviction remedy which is now available to him. Laws 1967, Ch. 336, M.S.A. § 590.01 et seq. It provides for relief from the violation of a convicted person's rights under the United States Constitution such as is here claimed by the Petitioner. Provision is made for an evidentiary hearing where required. M.S.A. § 590.04. The Minnesota Supreme Court has stated that the rules governing the grant or denial of an evidentiary hearing should be substantially comparable to those which afford state prisoners a trial-type hearing in the federal courts. State ex rel. Roy v. Tahash, 277 Minn. 238, 152 N.W.2d 301 (1967). Appeal is available to the Minnesota Supreme Court. M.S.A. § 590.06.

1. The petition states the facts in support of this ground to be that: "Anderson, Butler, Ingram, Morris, and Sharp denied at petitioner's trial directly or indirectly that they had been promised anything in exchange for the testimony against petitioner. As to each of these men, such denials were untrue because the prosecutor had in fact made elaborate and definitive promises to each as to leniency in their individual cases."

█ █ It thus appears that the Petitioner does have an available and effective state court process through which to obtain adjudication of the claimed wrongs. The entertaining of a federal habeas corpus application is made contingent upon a showing of an absence of adequate state relief. 28 U.S.C.A. § 2254.

█ The federal courts may not, with propriety, impinge upon the prerogatives of the state courts. The rules of comity require us to stay our hand in situations of this kind in order to allow the state courts every opportunity to administer their criminal laws and procedure in a light becoming to the current Constitutional standards applicable to the states under the Fourteenth Amendment to the United States Constitution. Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed. 2d 837; Roach v. Bennett, Eighth Circuit, April 15, 1968, 392 F.2d 743; Baines v. Swenson, 8 Cir., 384 F.2d 621 (1967).

The Court of Appeals for this Circuit has observed in an analogous fact situation that:

"* * * as a matter of appropriate federal-state relationship and fitting judicial deference in this special situation, the federal courts ordinarily, before entertaining an application by a state prisoner for federal habeas corpus relief, should require him *to again seek* consideration and determination of his claims of constitutional violation under the state's collateral-attack remedy, in order to give the state courts the opportunity to examine and deal with such claims * * *." [Emphasis supplied by court in *Baines,* supra.]

Donnell v. Nash, 8 Cir., 323 F.2d 850, 851; see also Barry v. Sigler, 373 F.2d 835 (8th Cir. 1967); Cyronne-de Virgin v. State of Missouri, 341 F.2d 468 (8th Cir. 1965), cert. denied, 382 U.S. 895, 86 S.Ct. 189, 15 L.Ed.2d 151; Ellenson v. Fugate, 346 F.2d 151 (8th Cir. 1965); Dabney v. Sigler, 345 F.2d 710 (8th Cir. 1965); and United States ex rel. Laino

v. Wallack, 231 F.Supp. 733 (S.D.N.Y. 1964).

These principles are particularly applicable here where, it appears, a principal thrust of the petition is directed to the claimed prejudicial publicity before and during the trial which deprived the defendant of his Sixth Amendment right to a fair trial. It will be recalled that the Minnesota Supreme Court's decision was rendered on January 18, 1966, some six months before the United States Supreme Court decision in Sheppard v. Maxwell, 384 U.S. 333, 86 S.Ct. 1507, 16 L.Ed.2d 600, so that the Minnesota courts have not had an opportunity to pass on Petitioner's claims dealing with prejudicial publicity tainting the community and the trial in the light of the Supreme Court's landmark pronouncements in *Sheppard.*

That decision substantially altered previously held judicial views in this field, including the wide range of discretion previously afforded the trial court's determinations. Now appellate courts are obligated "* * * to make an *independent evaluation* of the circumstances * * *," clearly implying a *de novo* examination of the prejudicial publicity issue. Sheppard v. Maxwell, 384 U.S. 333, 362, 86 S.Ct. 1507, 1522. See Maine v. Superior Court of Mendocino County; Braun v. Superior Court of Mendocino County, Supreme Court of California, March 18, 1968, 66 Cal.Rptr. 724, 438 P.2d 372.

█ While the petition for a writ of certiorari was denied by the United States Supreme Court on October 10, 1966, after *Sheppard,* such a denial may not properly be viewed as a ruling on the merits of the claims. United States v. Carver, 260 U.S. 482, 490, 43 S.Ct. 181, 182, 67 L.Ed. 361.

Our subscription to the rules of comity is made more compelling in this case because it appears from the petition, from an examination of the Minnesota Supreme Court decision, and from all of the court records made available to us by the attorney for the Petitioner, that each of the grounds claimed as a basis for

habeas corpus relief here was not presented to, or ruled upon, by the state courts. This is signally true of the subornation of perjury claim, alleging that the prosecutor made "elaborate and definitive promises" of leniency to each of five key state's witnesses, and as to which the Petitioner concedes that in the state court proceedings the claim was "euphemized somewhat" and "was not clearly delineated." Petitioner states that "a full and fair hearing has never been heard in the state court."[2] He should ask for it. A resolution of the subornation claim may well require an evidentiary hearing. Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822 (1963); State ex rel. Roy v. Tahash, 152 N.W.2d 301, 305 (1967). This properly should be done in the state court. Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964). A full hearing in the state court would make unnecessary evidentiary hearings in the federal court. Giles v. State of Maryland, 386 U.S. 66, 87 S.Ct. 793, 17 L.Ed.2d 737.

The Minnesota courts are entitled to have each issue presented to it, and with clarity and in non-euphemized language, so that it may have an opportunity to pass upon each of them before the federal courts are asked to take jurisdiction.[3]

 "It has long been settled law that the federal courts will not consider on habeas corpus claims which have not been raised in the state tribunal." Darr v. Burford, 339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761 (1950).

 Although it is axiomatic, it should be recalled that in matters of this kind the United States Courts are not superior to, but rather co-equal with, the state courts. Each court has equal responsibility to safeguard United States Constitutional rights and each has equal authority to do so. Testa v. Katt, 330 U.S. 386, 67 S.Ct. 810, 91 L.Ed. 967 (1947). With the enactment of the new Minnesota Post-Conviction Law, the federal and state courts now have equally comprehensive post-conviction statutes with which to protect these rights.

Respectful of the rules of comity between the federal and state court systems, we stay our own hand here for the purpose of affording the Petitioner an opportunity to employ the state judicial machinery to redress all of his claimed wrongs.

The petition is denied without prejudice.

---

2. Petitioner states that: "Butler, Ingram, Morris and Sharp have never been made to testify about the promises they received; likewise, the presiding officials who made those promises have never been forced to state for the record (a) what the promises were; (b) when they were made; (c) why this information was kept from both the petitioner and the jury."

3. The Minnesota courts have other issues pending in connection with the death of petitioner's wife. The appeal from the conviction of Norman Mastrian for the same crime, a related prosecution and involving, it would appear, the subornation of perjury claim, has been filed but not yet argued in the Minnesota Supreme Court. Civil law suits for the recovery of more than one million dollars of life insurance upon the life of Mrs. Thompson pend in the Minnesota courts.