William Terry Johnson, pro se.

R. Jackson Rose, Asst. Atty. Gen., Nashville, Tenn., for respondent.

**James Sonny BROWN, Petitioner,**

v.

**Jim ROSE, etc., Respondent.**

**William Terry JOHNSON, Petitioner,**

v.

**Jim ROSE, etc., Respondent.**

**Civ. A. No. 2972.**

United States District Court, E. D. Tennessee, Northeastern Division.

Jan. 18, 1973.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

A writ of habeas corpus was granted in each of these proceedings, when the respondent failed to make timely response to respective orders therein to show cause why the writ should not issue. See memorandum opinion and order herein of December 29, 1972. On January 5, 1973, the respondent moved that the writs be discharged because of the failure of each respective petitioner to exhaust available state remedies. It is contended that the questions here presented had not been presented to, and ruled upon, by the courts of Tennessee.

In civil action no. 2971, this Court ruled that the petitioner Mr. Brown was entitled to no relief on his claim that he was denied his federal right to due process of law by not being furnished in advance of his trial a copy of the panel of the jury which convicted him, T.C.A. § 40–2025. See memorandum opinion and order therein of November 9, 1972. Mr. Brown claimed also that he was denied his federal right to the assistance of counsel during his arraignment in such criminal action. He does not appear to have presented this latter question to the Tennessee courts. In civil action no. 2972, the petitioner Mr. Johnson claims that he was denied his federal right to the assistance of counsel at a critical stage of the criminal proceeding against him in which he was convicted. He does not appear to have presented this question to the Tennessee courts.

In both of these actions, this Court reserved the question of whether each respective petitioner had exhausted his

available state remedies. See memoranda and order of November 9, 1972 in each thereof. The problem thus presented is, whether, after the federal writ of habeas corpus has been granted and it is made to appear that available state remedies have not been exhausted, a federal court should abstain from hearing and deciding the merits of a state prisoner's claims for relief until state courts are afforded an opportunity to make such determinations.

■■ This Court is required to dispose of such matters "* * * as law and justice require." 28 U.S.C. § 2243. It has been stated that our disposition of such matters must be consistent with the principles of exhaustion of available state · corrective process. Donnell v. Swenson, D.C.Mo. (1969), 302 F.Supp. 1024, 1029 [2]. It has been stated further in the same vein:

\* \* \* \* \* \*

The federal courts may not, with propriety, impinge upon the prerogatives of the state courts. The rules of comity require us to stay our hands in situations of this kind in order to allow the state courts every opportunity to administer their criminal laws and procedure in a light becoming to the current [c]onstitutional standards applicable to the states under the Fourteenth Amendment to the United States Constitution. \* \* \*

Thompson v. Tahash, D.C.Minn. (1968), 286 F.Supp. 663, 665 [3]. The Supreme Court has admonished us that federal courts must be ever mindful that the rule requiring state court remedies to be exhausted is grounded primarily upon the respect which federal courts have for the state judicial processes and upon the administrative necessities of the federal judiciary. Wade v. Mayo (1948), 334 U.S. 672, 679, 68 S.Ct. 1270, 1274 [2], 92 L.Ed. 1647. The doctrine of comity between courts teaches that one court should defer action on causes properly within its jurisdiction until courts of another sovereignty with concurrent powers have had opportunity to pass upon the matter. Darr v. Burford (1950), 339 U.S. 200, 204, 70 S.Ct. 587, 590, 94 L.Ed. 761. As habeas corpus is a discretionary writ, federal courts have authority to refuse relief as a matter of comity until state remedies are exhausted. *Ibid.*, 339 U.S. at 204–205, 70 S.Ct. at 590 [6, 7].

■ It thus appears that this Court should abstain from a consideration of the merits of the respective petitioners' claims until each of them has exhausted his available state remedies in the courts of Tennessee. Each petitioner has the right under the law of Tennessee to raise by available procedures the remaining questions presented herein. Tennessee Post-Conviction Procedures Act, T.C.A. § 40–3801 et seq.; Tennessee Habeas Corpus Act, T.C.A. § 23–1804 (see provisional use, T.C.A. § 40–3808).

It results that each of these proceedings hereby is Dismissed, Rule 58(1), Federal Rules of Civil Procedure, and the writs of habeas corpus hereby are Discharged. The United States marshal for this district will return each of the prisoners to the custody of the respondent. However, this action by this Court is without prejudice to the right of either petitioner to revive the respective proceeding in this Court by simple motion should, after proper application therefor, the courts of Tennessee fail to give such application consideration within a reasonable time.

Should either petitioner herein give timely notice of an appeal from this decision, he is authorized to proceed on such appeal in forma pauperis. Rule 24(a), Federal Rules of Appellate Procedure. Any such notice will be treated also as an application for a certificate of probable cause, which, because of the nature of this decision, will Issue. Rule 22(b), Federal Rules of Appellate Procedure.