T. Eugene THOMPSON,
Petitioner-Appellant,

v.

Bruce McMANUS, Warden, Minnesota
State Prison, Respondent-Appellee.

No. 74–1568.

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 6, 1975.

Decided March 21, 1975.

Certiorari Denied June 9, 1975.

See 95 S.Ct. 2421.

Peter J. Thompson, Community Defender, Minneapolis, Minn., for petitioner-appellant.

Counsel for respondent-appellee was not present when the case was submitted to the Court.

Before JOHNSEN, Senior Circuit Judge, and STEPHENSON and WEBSTER, Circuit Judges.

STEPHENSON, Circuit Judge.

Petitioner-appellant T. Eugene Thompson appeals from a denial of habeas corpus relief by the district court.[1] Thompson, an inmate of the Minnesota State Prison since 1963, is serving a life sentence after conviction of the charge of causing the murder of his wife. He asserts he is held in custody in violation of his federal constitutional rights because: (1) Prejudicial pretrial publicity, which continued during his trial, prevented a fair trial; (2) the prosecutor used evidence obtained by an illegal search and seizure; (3) the prosecutor failed to disclose exculpatory evidence; (4) the state court failed to grant a new trial on the basis of newly discovered evidence; (5) the petitioner was denied the right to confront witnesses because hearsay evidence was admitted; (6) the grand jury

1. The United States District Court for the District of Minnesota, Honorable Edward J. Devitt, Chief Judge.

considered hearsay evidence; and (7) appellant was denied the effective assistance of counsel. We affirm on the basis of the district court's comprehensive opinion reported at 377 F.Supp. 589.

After a change in venue from Ramsey to Hennepin County, the appellant was tried and convicted of first degree murder. The jury conviction was affirmed by the Minnesota Supreme Court. State v. Thompson, 273 Minn. 1, 139 N.W.2d 490, cert. denied, 385 U.S. 817, 87 S.Ct. 39, 17 L.Ed.2d 56 (1966). Appellant sought relief by petition for writ of habeas corpus, but the action was premature and was dismissed without prejudice for failure to exhaust state remedies. Thompson v. Tahash, 286 F.Supp. 663 (D.Minn.1968). Thereafter, lengthy post-conviction relief hearings were held, but relief was denied. The Minnesota Supreme Court affirmed. Thompson v. State, 289 Minn. 270, 183 N.W.2d 771 (1971). Subsequently, the present § 2254 proceeding was instituted. A hearing was held at which testimony in deposition form was received, exhibits filed, the records of all prior proceedings made available, extensive briefs submitted, and oral arguments presented.

The facts of the case are fairly summarized by the Minnesota Supreme Court in State v. Thompson, 273 Minn. 1, 139 N.W.2d 490 (1966), and, where applicable to the points raised, further summarized in the district court's opinion.

The contentions raised by the appellant in this appeal were thoroughly ventilated by the district court. Thompson v. McManus, 377 F.Supp. 589 (D.Minn. 1974).

Brief additional comments will be made with respect to appellant's contention that illegally seized evidence and the fruits thereof were admitted in his trial.

Mrs. Thompson was assaulted in her home between 8:30 and 9:00 a. m. on March 6, 1963. She struggled to the residence of her neighbor (Mrs. Nelson), from where the police were called. They arrived about 9:15 a. m. and entered the Thompson home through an open front door. Among other things, they noted a large pool of blood in the front entryway, drawers of a nightstand open, drawers of a closet chest of drawers open, and blood and disarray in the master bedroom. Finding no assailant or other victim, they left the house, sealed it off to the public by posting guards, and awaited the arrival of crime-lab specialists. Within a short while the investigative unit arrived and made a thorough search. It is the evidence seized during this alleged second search that is the basis of appellant's objection.

Appellant was at his law office when he was contacted by the Nelsons. He drove to the Nelson residence where he was advised that his wife had been taken to the hospital. He then went to the hospital. While at the hospital, appellant discussed with Lt. Barkley of the St. Paul Police Department the possibility of robbery as a motive. When the investigative unit arrived at appellant's home at 10:35 a. m., they were requested to examine a filing cabinet in the basement for the purpose of determining whether there was some money there.

■ There can be no question that the initial intrusion into appellant's home was appropriate as a search for the assailant and other possible victims. It was justifiable as an entry made in hot pursuit, and the exigencies of the situation made that course imperative. Warden v. Hayden, 387 U.S. 294, 298, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967); United States v. Goldenstein, 456 F.2d 1006 (8th Cir. 1972); compare Root v. Gauper, 438 F.2d 361 (8th Cir. 1971). Appellant agrees to the propriety of the initial intrusion but contends that the second entry by the investigative unit approximately an hour later without a search warrant was not justifiable because the emergency no longer existed. Goldenstein, supra; Root, supra.

■ We are satisfied that the entry by the investigative unit, whether it be termed a second entry or a continuance of the first, was proper because the police had reasonable grounds to believe that it was authorized by appellant.

When appellant arrived at the Nelsons', it was readily apparent that the police were searching his home. A short time later at the hospital he was a cooperating, aggrieved husband who assisted the police by discussing robbery as a motive for the brutal assault. Appellant was not a suspect. The police in this emergency situation were searching for clues that might lead to the apprehension of the culprit with the approbation and assistance of the victim's husband. We agree with the trial court that under the circumstances the illegal search claim was properly denied by the state courts.

We conclude that no useful purpose would be served by discussing the other issues raised in this appeal.

Affirmed.