**UNITED STATES of America, Appellee,**

v.

**Joseph Horace KURCK, Appellant.**

**No. 76–2022.**

United States Court of Appeals, Eighth Circuit.

Submitted March 14, 1977.

Decided April 18, 1977.

Lanny K. Solloway, Little Rock, Ark., for appellant.

W. H. Dillahunty, U.S. Atty. and Fletcher Jackson, Asst. U.S. Atty., Little Rock, Ark., for appellee.

Before VAN OOSTERHOUT, Senior Circuit Judge and BRIGHT and ROSS, Circuit Judges.

PER CURIAM.

Joseph Horace Kurck appeals from a conviction of conspiring to sell counterfeit Federal Reserve Notes in violation of 18 U.S.C. § 371, and of possession of plates intended to be used in counterfeiting United States Reserve Notes in violation of 18 U.S.C. § 474. The district court imposed concurrent sentences of three years' imprisonment on the conspiracy count and five years' imprisonment for possession of the plates used in counterfeiting.

The sole issue raised on appeal relates to the warrantless seizure of counterfeit bills and other incriminating evidence from the trunk of a Cadillac automobile owned and driven by a person who was then serving as an informant for agents of the United States Secret Service. Appellant was a passenger in the vehicle at the time of the search.

The record discloses that the informant had been arrested in Dallas, Texas, on charges relating to possession and sale of counterfeit money, and, shortly thereafter, had agreed to cooperate with the Secret Service in the investigation of counterfeiting operations. This informant, at the behest of government agents, traveled in his Cadillac from Dallas to Arkansas for the purpose of purchasing counterfeit money. Secret Service agents supplied this informant with $1,500 in government money and the informant also carried $600 of his own money, which had been marked by the government agents. The agents attached a beeper radio transmitting device to the informant's automobile in order to track that vehicle while in Arkansas. The Secret Service agents who followed the informer's Cadillac into Arkansas, however, lost contact with the informer's automobile when the agents' radio receiver went dead. But the informant, while in Little Rock, Arkan-

sas, called the Dallas office of the Secret Service and advised the agents of his whereabouts.

The Secret Service personnel thereafter located the Cadillac and observed its movements for a short time before stopping the car and arresting the occupants, including the driver-informant and passenger-appellant Kurck. Upon the arrest, the agents searched the vehicle and found counterfeit money and printing plates in the trunk of the informer's Cadillac.

The informant, testifying as a witness in this case, made the following statement on cross-examination:

Q. When you were pulled over did you give your consent to any of the officers to have this car searched?

A. Did I give my percent?

Q. Your consent?

A. No, sir. I did not.

Q. You are saying the search was conducted without your consent?

A. All I know all of us was handcuffed.

Q. Okay. You never gave the go-ahead for the search?

A. No, sir.

Appellant focuses on this testimony as supporting his contention that the warrantless search was without the consent of the informant, and therefore also violated the fourth amendment rights of appellant as a passenger.

We reject this argument. The quoted testimony merely discloses that arresting officers did not obtain an express consent from the informant-car owner to conduct the search of the trunk. There is some evidence in the record to support the conclusion that the informant's consent could have been implied from his conduct at the time the car was stopped. A Secret Service agent testified that "we asked for the key and got the trunk opened." Such testimony may under some circumstances support an inference of consent to a search. *See United States v. Mallory,* 460 F.2d 243 (10th Cir.), *cert. denied,* 409 U.S. 870, 93 S.Ct. 197, 34 L.Ed.2d 120 (1972); *Robinson v. United States,* 325 F.2d 880 (5th Cir. 1964).

Stronger evidence of implied consent exists here, however, arising from the cooperative relationship established between the informant and the arresting officers whereby the informant undertook to purchase counterfeit money with funds supplied by government agents, and agreed to and did utilize his automobile in leading the government agents to the counterfeiters. *See Thompson v. McManus,* 512 F.2d 769 (8th Cir.), *cert. denied,* 421 U.S. 1014, 95 S.Ct. 2421, 44 L.Ed.2d 683 (1975).

We believe the evidence establishes an implied consent by the owner to search the vehicle in question. For that reason, the search did not violate the constitutional right of the appellant as a passenger in the car.

Affirmed.