Albert J. BOLSTAD,
Petitioner, Respondent,

v.

STATE of Minnesota, Appellant.

No. C3–88–2259.

Court of Appeals of Minnesota.

Jan. 24, 1989.

C. Paul Jones, State Public Defender, Susan Maki, Asst. State Public Defender, Minneapolis, for petitioner, respondent.

Hubert H. Humphrey, III, Atty. Gen., William F. Klumpp, Jr., Asst. Atty. Gen., St. Paul, for appellant.

Considered at Special Term and decided by WOZNIAK, C.J., and LANSING and RANDALL, JJ., without oral argument.

SPECIAL TERM OPINION

WOZNIAK, Chief Judge.

FACTS

By postconviction petition in January 1988, Bolstad challenged a felony point and a custody point included in his criminal history score at the time of sentencing in 1987. The trial judge, by order filed September 2, 1988, agreed that the felony point should not be included, but refused to subtract the custody point. The state timely appealed from that order. After the time for appeal expired, Bolstad served a notice of review. The state moves to dismiss the notice of review, claiming it is not authorized in appeals from postconviction orders.

DECISION

A notice of review is authorized in *civil* appeals. Minn.R.Civ.App.P. 106. It may

be served and filed by a respondent aggrieved by some portion of the trial court's decision within 15 days after the appeal papers are served. *Id.* A respondent may serve and file a notice of review within that time, even if the time for a direct appeal has already expired. *See Kostelnik v. Kostelnik*, 367 N.W.2d 665, 669 (Minn.Ct.App. 1985), *pet. for rev. denied* (Minn. July 26, 1985) (right to file notice of review not conditioned on respondent's right to file separate appeal).

■ Notices of review have only limited application in *criminal* appeals. The state is not permitted to file a notice of review when a defendant perfects a criminal appeal, but must file its own timely appeal to obtain review of an adverse ruling. *State v. Schanus*, 431 N.W.2d 151 (Minn.Ct.App. 1988). A notice of review may be filed by a defendant only when the state has appealed from a pre-trial order. Minn.R.Crim.P. 28.04, subd. 3. This is a not a pre-trial appeal, and the criminal rules do not authorize the defendant's notice of review. However, Bolstad argues that this is a civil appeal and his notice of review is therefore proper.

The United States Supreme Court has held that federal postconviction appeals are civil, relying on the language of 28 U.S.C. § 2255, the federal postconviction statute.

> Appeals from orders denying motions under Section 2255 are governed by the civil rules applicable to appeals from final judgments in habeas corpus actions.

*United States v. Hayman*, 342 U.S. 205, 209 n. 4, 72 S.Ct. 263, 267 n. 4, 96 L.Ed. 232 (1952) (citation omitted) (appeal timely because taken within time for civil appeal). Thus, federal postconviction appeals are clearly civil, and are governed by the same civil rules as habeas corpus appeals.

The Minnesota *habeas corpus* statute also specifies that a party aggrieved by "the final order in proceedings upon a writ of habeas corpus may appeal to the court of appeals as in other *civil* cases, except that no bond is required of the appellant." Minn.Stat. § 589.29 (1988) (emphasis added). However, the Minnesota *postconvic-*

*tion* statute does not specify whether postconviction appeals are civil.

An appeal may be taken to the court of appeals or, in a case involving a conviction for first degree murder, to the supreme court from the order granting relief or denying the petition within 60 days after the entry of the order.

Minn.Stat. § 590.06 (1988).

■ Unlike the federal postconviction statute, the appeal provision of our postconviction statute does not explicitly refer to habeas corpus appeals. However, our review of the development of the postconviction remedy and the decisions of our supreme court leads us to conclude that appeals under the Minnesota postconviction statute are civil, as are habeas corpus appeals in this state.

In 1963, the United States Supreme Court broadened the application of the federal writ of habeas corpus. It held that federal habeas corpus was available despite a prisoner's failure to appeal directly from the conviction in state court. *Fay v. Noia*, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963). The court stressed the availability of federal habeas corpus as an independent remedy after the state courts have failed to correct constitutional violations. *Id.* at 419–20, 83 S.Ct. at 838–39. Where the time to appeal from the conviction had expired and there was no longer a state remedy available, the Court held that a prisoner may collaterally attack the conviction in federal habeas corpus proceedings. The Court was critical of the limited appeal rights afforded by many states. "If the States withhold [an] effective remedy, the federal courts have the power and the duty to provide it." *Id.* at 441, 83 S.Ct. at 850.

In response to the expansion of the federal writ of habeas corpus, several states adopted postconviction statutes, to afford state court review of convictions even after the time for direct appeal expired. In *Case v. Nebraska*, 381 U.S. 336, 85 S.Ct. 1486, 14 L.Ed.2d 422 (1965), the Nebraska Supreme Court had dismissed a petition for habeas corpus, brought after the time to appeal the conviction expired. The United States Supreme Court granted certiorari to decide

whether the Fourteenth Amendment required the states to provide a postconviction remedy for claimed federal constitutional violations. While the matter was pending in the United States Supreme Court, Nebraska adopted a postconviction statute. Certiorari was promptly discharged, the constitutional issue was not decided, and the matter was remanded for a hearing in the state courts on a postconviction petition.

Minnesota and numerous other states promptly began considering the adoption of a postconviction statute. Minnesota's postconviction statute became effective on May 12, 1967. *State ex rel. Roy v. Tahash,* 277 Minn. 238, 240, 152 N.W.2d 301, 303 (1967). The statute was adopted in direct response to *Case v. Nebraska,* and it expanded on *Case* by allowing claims based on the federal constitution and upon state law to be raised. *State v. Knaffla,* 309 Minn. 246, 251, 243 N.W.2d 737, 740–41 (1976). Until the new postconviction statute became effective, our supreme court enlarged the scope of state habeas corpus proceedings, to provide a transitional postconviction remedy. *State ex rel. Roy v. Tahash,* 277 Minn. at 241, 152 N.W.2d at 304 (citing *State ex rel. Holm v. Tahash,* 272 Minn. 466, 471, 139 N.W.2d 161, 164 (1965)). Thus, even before the statute became effective, our supreme court drew a parallel between postconviction and habeas corpus proceedings.

The court explained that the new postconviction statute was intended to insure that previously obtained convictions met present federal constitutional standards. *Id.* 277 Minn. at 242, 152 N.W.2d at 304. The court indicated that availability of an evidentiary hearing in postconviction proceedings would be governed by rules "substantially comparable" to those which determined when an evidentiary hearing was required in federal habeas corpus proceedings. *Id.* at 242–43, 152 N.W.2d at 304.

The court explicitly noted that, to the extent procedural safeguards in postconviction proceedings "substantially equate those required of the Federal trial courts [in habeas corpus proceedings], a state

prisoner will be less inclined to pursue his Federal habeas remedy and Federal courts will find it unnecessary to grant evidentiary hearings where * * * facts * * * have been fully heard and fairly determined by our [state] trial courts." *Id.* at 243, 152 N.W.2d at 305.

While the postconviction remedy has not completely eliminated the use of habeas corpus proceedings (in extradition matters, and in challenging the conditions of confinement, for example), its adoption was clearly intended to offer an alternative to federal habeas corpus. Postconviction proceedings are collateral to, and not a continuation of, the original criminal proceedings. *See, e.g., State v. Tamminen,* 282 Minn. 523, 162 N.W.2d 369 (1968) (collateral attack on plea and judgment may not be raised on direct appeal from conviction, but must be raised by postconviction petition). We find persuasive the Supreme Court's conclusion that federal postconviction appeals are civil in nature, and hold that appeals pursuant to Minn.Stat. § 590.06 from postconviction orders are similarly civil. As a civil appeal, this matter is governed by the Rules of Civil Appellate Procedure, and the notice of review filed by Bolstad is authorized by Minn.R.Civ.App.P. 106.

We are aware that attorneys have previously relied upon the criminal rules for guidance in processing their postconviction appeals. However, the criminal rules do not apply to postconviction appeals. Minn.R.Crim.P. 28.02, subd. 1 (*except* for postconviction appeals, a defendant may obtain review only by appeal as authorized by criminal rules). Accordingly, this court may not extend the time for appeal from a postconviction order, as it may in certain criminal appeals. *Cf.* Minn.R.Crim.P. 28.-02, subd. 4(3) (time for appeal by defendant may be extended up to 30 days, for good cause) and Minn.R.Civ.App.P. 126.02 (court may not extend time for appeal). To the extent *State v. Kloskowski,* 378 N.W.2d 805 (Minn.Ct.App.1985) implied that the time to appeal a postconviction order could be so extended, it is overruled.

■ The postconviction statute specifies the time for appeal (60 days) and states that no filing fee or cost bond is required, and the statute modifies the Rules of Civil Appellate Procedure to that extent. *See* Minn.Stat. § 590.06. However, the shorter time periods for obtaining a record and filing briefs prescribed by the Rules of Civil Appellate Procedure apply to these appeals. *Cf.* Minn.R.Crim.P. 28.02, subd. 9 (appellant has 30 days to order transcript) and Minn.R.Civ.App.P. 110.02, subd. 1 (appellant has 10 days to order transcript); Minn.R.Crim.P. 28.02, subd. 10 (appellant has 60 days to file brief, respondent has 45 days to file brief, appellant has 15 days for reply brief) and Minn.R.Civ.App.P. 131.01 (appellant has 30 days to file brief, respondent has 30 days to file brief, appellant has 10 days for reply brief). In short, appeals from postconviction orders will be treated in all regards as civil appeals, except as specifically required by the statute.

Motion to dismiss notice of review denied.