**Dorian WAYNEWOOD, Petitioner, Appellant,**

v.

**STATE of Minnesota, Respondent.**

No. C7–95–2154.

Court of Appeals of Minnesota.

May 14, 1996.

**454**

Deborah K. Ellis, St. Paul, for Appellant.

Hubert H. Humphrey, III, Atty. Gen., Susan Gaertner, Ramsey Co. Atty., Mark Nathan Lystig, Asst. Co. Atty., St. Paul, for the State.

Considered and decided by PETERSON, P.J., and HUSPENI and MULALLY, JJ.

## OPINION

EDWARD D. MULALLY, Judge.*

This appeal is from an order denying appellant Dorian Waynewood's postconviction petition challenging his May 1992 certification to stand trial as an adult. Waynewood later pleaded guilty to second-degree intentional murder. Minn.Stat. § 609.19(1) (1992). We affirm.

## FACTS

Appellant Dorian Waynewood was charged in a delinquency petition with second-degree intentional murder and second-degree felony murder in the February 29, 1992 death of Lorenzo Lara–Garcia. Waynewood was born on April 3, 1975, making him about one month short of his 17th birthday at the time of the offense.

At the time of the incident, the state alleged that Waynewood was with a friend, Frank Gums, and three other men. Waynewood was driving the car when someone suggested stopping at a house to collect some money. They stopped at Lara–Garcia's house, and Gums and one of the other men confronted the victim. In the struggle, Waynewood shot Lara–Garcia, apparently at the direction of Gums, with a gun that Gums had dropped.

At a reference hearing in May 1992, the court heard testimony from a probation officer to whom Waynewood had been assigned for unadjudicated conduct, a clinical psychologist, a psychologist retained by the defense, and Waynewood's mother.

The trial court issued an order granting the state's motion for adult certification. Waynewood pleaded guilty to second-degree intentional murder in August 1992, and was

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

sentenced in October 1992 to 144 months, the presumptive sentence.

In October 1994, two years after he was sentenced, Waynewood filed a petition for postconviction relief. In the petition, Waynewood challenged the May 1992 certification and sought an order compelling the state to provide discovery of Ramsey County juvenile files from 1991 to 1992 to establish that African–Americans were disproportionately certified to stand trial as adults.

The postconviction court issued an order denying the motion to compel discovery and denying the postconviction petition without an evidentiary hearing.

## ISSUES

I. Has the state waived its challenge to appellant's use of postconviction petition to challenge a juvenile certification order by failing to file a notice of review?

II. Can appellant challenge the certification order in a postconviction proceeding?

## ANALYSIS

### I.

■ The state argues that Waynewood cannot challenge the 1992 certification for adult prosecution in this postconviction proceeding. Waynewood, however, contends that the state was required to file a notice of review because the postconviction court ruled against it on this issue. *See generally* Minn. R. Civ.App. P. 106 ("respondent may obtain review of a judgment or order entered in the same action" that is adverse to him by filing notice of review).

The postconviction court, although denying Waynewood's postconviction petition, ruled that Waynewood could challenge the certification in a postconviction petition.

This court has held that it will not

consider the **portions of a trial court judgment** adversely affecting respondent when respondent failed to file a notice of review.

*Furrer v. Campbell's Soup Co.,* 403 N.W.2d 658, 660 (Minn.App.1987) (emphasis added),

*review denied* (Minn. May 28, 1987). In another case, however, this court held:

A respondent, however, is not required to file a conditional notice of review to preserve an alternative theory.

*Villarreal v. Independent Sch. Dist. No. 659,* 505 N.W.2d 72, 76 n. 1 (Minn.App.1993), *rev'd on other grounds,* 520 N.W.2d 735, 739 (Minn.1994).

Waynewood's argument that the state should have filed a notice of review assumes that the state *could* file a notice of review in a postconviction appeal. This court held in *Bolstad v. State,* 435 N.W.2d 547, 549 (Minn. App.1989) that a postconviction appeal is a civil appeal, and that therefore the defendant-petitioner could file a notice of review in the state's postconviction appeal. Since *Bolstad,* the rules governing criminal appeals have been amended to include provisions for postconviction appeals. *See* Minn. R.Crim. P. 28.02, .04. The implicit effect of these amendments is that postconviction appeals are now criminal appeals, despite the holding of *Bolstad.*

■ The state may not file a notice of review in a criminal appeal. *State v. Schanus,* 431 N.W.2d 151, 152 (Minn.App.1988). Even if *Bolstad*'s holding on the civil nature of a postconviction appeal remains good law, the ruling adverse to the state did not result in a separate order or involve a separate claim for relief, but was only mentioned in the court's memorandum as an alternative theory rejected by the court. We conclude that it is questionable whether the state could have filed a notice of review on that issue. Therefore, the state did not waive the issue by failing to do so.

### II.

■ The state argues that the proper scope of a postconviction proceeding does not include review of a juvenile certification order transferring jurisdiction to adult criminal court.

A person who has been convicted of a crime may file a postconviction petition to challenge "the conviction obtained or the sentence or other disposition made." Minn.Stat. § 590.01, subd. 1 (1994).

This court has held that a juvenile who has been certified for adult prosecution and has not appealed the certification order may not challenge it on direct appeal of his criminal conviction. *State v. Anderson*, 394 N.W.2d 813, 815–16 (Minn.App.1986), *review denied* (Minn. Dec. 12, 1986). This court stated:

> Appellant failed to appeal the [certification] order and therefore cannot attack the validity of the [certification] in this proceeding. Consequently, the [certification] must be considered a sufficient basis for the exercise of the district court's subject matter jurisdiction.

*Id.* at 816.

If a juvenile cannot challenge a certification for adult prosecution on direct appeal of his criminal conviction, it follows that he cannot do so in a postconviction proceeding. That conclusion is particularly compelling in this case. Waynewood waited two years after sentencing to file a postconviction petition challenging the certification. He is now 21 years old, past the point at which juvenile court jurisdiction would lie, even if this could be designated an extended jurisdiction juvenile (EJJ) prosecution. *See generally* Minn. Stat. §§ 260.126 (1994) (EJJ prosecutions); .181, subd. 4(a)-(b) (1994) (juvenile court jurisdiction generally ends at age nineteen while EJJ jurisdiction ends at age twenty-one).

To allow Waynewood at this point to challenge his certification would give him either a meaningless remedy, because juvenile jurisdiction is no longer a viable option to adult certification, or a "home free" sanctuary from any further consequences for his criminal behavior. Minnesota appellate courts, however, have consistently rejected this "home free" argument. *See, e.g., In re Welfare of A.N.J.*, 521 N.W.2d 889, 890 (Minn.App. 1994), *review denied* (Minn. Nov. 29, 1994).

The trial court erred in relying on *Wensman v. State*, 342 N.W.2d 150 (Minn.1984). The supreme court in *Wensman* held only that a defendant who did not file a direct appeal of his conviction could still raise a search and seizure issue in the postconviction proceeding. *Id.* at 151. Waynewood failed to appeal the certification order, as well as his criminal conviction. As this court indicated in *Anderson*, the failure to appeal the

certification order bars a later challenge to that order in a direct appeal. 394 N.W.2d at 816. We now hold that it also bars a collateral attack on the certification order in a postconviction proceeding.

## DECISION

The state has not waived its procedural challenge to the petition by failing to file a notice of review. Appellant cannot challenge the adult certification order in this postconviction proceeding.

**Affirmed.**