**Richard Robert JOHNSON, Petitioner, Appellant,**

v.

**STATE of Minnesota, Respondent.**

No. C9–94–928.

Supreme Court of Minnesota.

March 3, 1995.

Richard Robert Johnson, pro se.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Michael O. Freeman, Hennepin County Atty., J. Michael Richardson, Asst. County Atty., Minneapolis, for respondent.

OPINION

GARDEBRING, Justice.

Appellant was convicted of first degree murder in the death of Dorothy Jean Harrison, and sentenced to life imprisonment. On appeal, appellant raised issues with regard to use of DNA evidence and also claimed a constitutional speedy trial violation. We affirmed the conviction. *State v. Johnson,* 498 N.W.2d 10 (Minn.1993).

In his May 1993 petition for postconviction relief, appellant, appearing pro se, asserted several issues, including errors in the grand jury process, errors in evidentiary rulings as to the use of a fingerprint found in the victim's purse, errors in police interrogation and *Miranda* warnings and inability to participate fully as pro se counsel during the trial. After a hearing, the postconviction court denied the petition. Appellant moved

for a rehearing and for removal of the postconviction court because of bias. His motion was denied, and appellant now appeals. Appellant renews his earlier claims and continues to assert bias on the part of the postconviction court. He also claims that he did not properly waive his right to be represented by counsel during the postconviction proceeding.

We have said that a postconviction hearing is required whenever material facts are in dispute that have not been resolved in the proceedings resulting in conviction and that must be resolved in order to determine the issues raised on the merits. *State v. Tahash*, 277 Minn. 238, 244, 152 N.W.2d 301, 305 (1967). Here, although petitioner arguably did not meet this threshold standard, he was nevertheless afforded a hearing. However, neither at the hearing nor in his brief did appellant make any showing that there was a basis for relief under Minn.Stat. § 590.01, subd. 1 (1994). "[W]here [a] direct appeal has once been taken, all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for post-conviction relief." *State v. Knaffla*, 309 Minn. 246, 252, 243 N.W.2d 737, 741 (1976). All of the issues raised by appellant were known at the time of the direct appeal.

As to his claim of bias by the postconviction court, appellant provides no basis upon which such a claim could be supported. Finally, there is no merit to appellant's claim that he was improperly denied counsel in the postconviction proceeding. Inasmuch as the Office of the State Public Defender represented appellant in his direct appeal and he made no request for counsel in his petition for postconviction relief, he had no additional right to representation by the public defender in his postconviction proceeding. *See* Minn.Stat. §§ 590.05, 611.18 (1994).

The decision of the postconviction court denying relief is affirmed.