Richard Robert JOHNSON, petitioner, Appellant,

v.

STATE of Minnesota, Respondent.

No. A04–1822.

Supreme Court of Minnesota.

June 9, 2005.

Rehearing Denied July 12, 2005.

Richard R. Johnson, MCF–Stillwater, Bayport, MN, (pro se appellant).

Mike Hatch, Attorney General, St. Paul, MN, Amy Klobuchar, Hennepin County Attorney, Michael Richardson, Asst. County Attorney, Minneapolis, MN, for Respondent.

## OPINION

MEYER, Justice.

Appellant Richard Robert Johnson appeals from the postconviction court's denial of his second petition for relief. We affirm.

Johnson was convicted of first-degree murder for the November 11, 1989, rape and murder by strangulation of Dorothy Jean Harrison and was sentenced to life in prison. The facts of the underlying crime in this case are set out in detail in *State v. Johnson*, 498 N.W.2d 10 (Minn.1993). At trial, the state presented DNA evidence taken from Johnson's blood and a sample of semen taken from the victim's clothing. *Id.* at 11–12. In his direct appeal, Johnson challenged his conviction on two grounds: (1) the DNA evidence was improperly admitted; and (2) his constitutional right to a speedy trial was violated. *Id.* at 11. With respect to the DNA evidence, Johnson, who is Native American, challenged the validity of the DNA typing methods used by the FBI and the statistical frequency evidence based on the FBI's Caucasian DNA database. *Id.* at 14–15.[1] We affirmed his conviction, holding that both the DNA evidence and statistical evidence were properly admitted and that his constitutional right to a speedy trial was not violated. *Id.* at 10.

In his first postconviction appeal, Johnson raised a number of grand jury and trial errors and alleged bias by the postconviction court. *Johnson v. State*, 528 N.W.2d 238, 238–39 (Minn.1995). We affirmed the denial of relief, holding that all issues raised in the petition were known at the time of his direct appeal and were procedurally barred. *Id.* at 239. We also held that his claim of alleged bias lacked support. *Id.*

---

1. The DNA evidence was tested by the FBI in compliance with the guidelines recommended by the Technical Working Group on DNA Analysis Methods (TWGDAM). *Id.* at 12.

In this second postconviction appeal, Johnson claims that an investigation report by the Department of Justice regarding alleged irregularities in the FBI crime laboratories was newly discovered evidence that would entitle him to a new trial.[2] Johnson also claims that the postconviction court improperly granted the state continuances of the postconviction evidentiary hearing and violated his constitutional right to a fair and impartial hearing.

## I.

██ We review a postconviction court's denial of relief for abuse of discretion. *Perry v. State*, 595 N.W.2d 197, 200 (Minn.1999). Appellate review of postconviction proceedings is limited to whether there is sufficient evidence in the record to sustain the findings of the postconviction court. *State v. Rainer*, 502 N.W.2d 784, 787 (Minn.1993).

██ To reopen a case based on newly discovered evidence, the defendant must prove: (1) that the evidence was not known to him or his counsel at the time of the trial; (2) that the evidence could not have been discovered through due diligence before the trial; (3) that the evidence is not cumulative, impeaching, or doubtful; and (4) that the evidence would probably produce an acquittal or a more favorable result. *Wieland v. State*, 457 N.W.2d 712, 714 (Minn.1990). We have decided that properly tested DNA evidence is scientifically reliable and trustworthy. *State v. Schwartz*, 447 N.W.2d 422, 426 (Minn.1989). We have also decided that DNA testing conducted by the FBI under the TWGDAM guidelines is admissible. *State v. Jobe*, 486 N.W.2d 407, 420 (Minn.1992).

██ Further, "where direct appeal has once been taken, all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief." *State v. Knaffla*, 309 Minn. 246, 252, 243 N.W.2d 737, 741 (1976). Any claim that should have been known, but was not raised, at the time of direct appeal is also barred by *Knaffla*. *King v. State*, 649 N.W.2d 149, 156 (Minn.2002).

Johnson argues that the investigation report issued by the Department of Justice was newly discovered evidence because neither the report nor the alleged irregularities at the FBI crime laboratories were known to him at the time of his trial or direct appeal. He further argues that the investigation report showed the unreliability and untrustworthiness of the DNA evidence in his case. He alleges that the FBI failed to comply with the TWGDAM guidelines in his case and that the guidelines themselves are not reliable. He also alleges inconsistent testimony by Dr. Dwight Adams, an FBI expert, at the *Frye* evidentiary hearing.

The postconviction court reviewed the investigation report and specifically found that "[t]he content of the report * * * fails to address the analysis performed on the evidence in this case, the analyst who performed it (Dr. Adams), or any actions by the DNA analysis unit that would jeopardize the accuracy of their testing results either generally or specifically to this case." The court noted that the Inspector General concluded that most of the whistleblower's allegations, including those relied on by Johnson, were unsubstantiated. The court further found that, although the

---

**2.** The full title of the report is *United States Department of Justice/Office of Inspector General Special Report—The FBI Laboratory: An Investigation into Laboratory Practices and Alleged Misconduct in Explosives–Related and Other Cases* (April 1997), available at *http://www.usdoj.gov/oig/special/9704a/index.htm* (last visited Apr. 4, 2005).

report was not known to Johnson at the time of his direct appeal, the report was unlikely to produce an acquittal or a more favorable result. Having reviewed the record and the report, we conclude that there is sufficient evidence in the record to sustain the findings of the postconviction court.

■ Further, any issue related to the TWGDAM guidelines and their application in Johnson's case was raised and decided in the direct appeal and therefore is barred by *Knaffla*. Any issue relating to the testimony of Dr. Adams should have been known, but was not raised, at the time of direct appeal and therefore is also barred by *Knaffla*. Therefore, we hold that the postconviction court did not abuse its discretion in denying Johnson's petition for relief.

## II.

■ Johnson also claims that the postconviction court improperly granted continuances to the state.

■ The decision to grant or deny a motion for a continuance lies within the sound discretion of the district court and will only be reversed upon a showing of abuse of discretion. *State v. Turnipseed*, 297 N.W.2d 308, 311 (Minn.1980). A defendant must show prejudice to justify a reversal. *State v. Rainer*, 411 N.W.2d 490, 495 (Minn.1987).

Johnson argues that he did not receive a copy of the state's February 11, 2004, memorandum and that the postconviction court had no just cause to grant the state a 60–day continuance. Johnson further alleges that the postconviction court improperly allowed the state to respond to his supplemental reply.

The record reveals that the postconviction court granted Johnson a 45–day continuance because he claimed that he did

not receive a copy of the state's February 11, 2004, memorandum opposing his petition. After Johnson filed his supplemental reply, the court granted the state a 60–day continuance to respond because the assistant county attorney was out of town. Both continuances were granted for proper reasons. Johnson was not denied an opportunity to respond to each of the state's filings and was not prejudiced. We, therefore, hold that the postconviction court did not abuse its discretion in granting continuances to both Johnson and the state.

## III.

■ Johnson further claims that the postconviction court denied his constitutional right to a fair and impartial evidentiary hearing under the Due Process and Equal Protection Clauses.

■ An evidentiary hearing is required only when the postconviction pleading places material facts in dispute. *State ex rel. Roy v. Tahash*, 277 Minn. 238, 243–44, 152 N.W.2d 301, 305 (1967). An evidentiary hearing is not required unless facts are alleged which, if proven, would entitle a petitioner to the requested relief. *Fratzke v. State*, 450 N.W.2d 101, 102 (Minn.1990).

Johnson argues that his constitutional rights were violated because the postconviction court held a hearing that was not fair and impartial. Johnson also alleges that the court failed to file a writ of habeas corpus on the original hearing date of February 23, 2004, resulting in his nonappearance.

The record indicates that Johnson's initial request for postconviction relief, relying only on a news report of alleged FBI misconduct, was denied. After Johnson moved the postconviction court for an order of relief from the financial hardship of

copying costs, the court ordered the state to make a copy of the Justice Department's investigation report available for copying and separately ordered Johnson to submit a copy of the report to the court for review. Although Johnson did not appear in court on February 23, 2004, he did appear in person on April 20, 2004, when the evidentiary hearing was eventually held. At the hearing, Johnson did not present any facts pertinent to his case. He stated: "[The investigation report] found that there's misconduct by different technicians * * * [m]aybe not relating to this case[.]"

Because Johnson's petition did not allege any facts which, if proven, would entitle him to a new trial, an evidentiary hearing was not required. Nonetheless, the postconviction court did hold a hearing. Johnson personally appeared at the hearing, was given the opportunity to argue his case, and was granted a 45–day continuance to respond to the state's memorandum that he claimed he did not receive. The record reflects that the postconviction court conducted the hearing in a fair and impartial manner. Therefore, we hold that Johnson's constitutional right to a fair and impartial postconviction evidentiary hearing was not violated.

Affirmed.