STATE OF MINNESOTA

IN SUPREME COURT

A14-1692

Hennepin County                                                                   Page, J.

Eugene Erick Fort, petitioner,

                    Appellant,

vs.                                                                              Filed: Apil 1, 2015
                                                                         Office of Appellate Courts

State of Minnesota,

                    Respondent.

_____

Eugene Erick Fort, Bayport, MN, pro se.

Lori Swanson, Attorney General, Saint Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Lee W. Barry, Assistant County
Attorney, Minneapolis, Minnesota, for respondent.

_____

S Y L L A B U S

The postconviction court did not abuse its discretion when it summarily denied

appellant's second postconviction petition.

Affirmed.

Considered and decided by the court without oral argument.

1

PAGE, Justice.

Appellant Eugene Erick Fort was convicted of first-degree premeditated murder, in violation of Minn. Stat. § 609.185(a)(1) (2014), and first-degree murder while committing burglary, in violation of Minn. Stat. § 609.185(a)(3), in connection with the 1990 stabbing death of 11-year-old Marcus Potts. We affirmed Fort's conviction for premeditated first-degree murder, but vacated Fort's conviction for first-degree murder while committing burglary on the ground that a defendant may only be convicted of one count of first-degree murder in connection with the murder of a single victim. *See State v. Fort* (*Fort I*), 768 N.W.2d 335, 344 (Minn. 2009). We also affirmed the denial of Fort's first petition for postconviction relief. *Fort v. State (Fort II)*, 829 N.W.2d 78, 80 (Minn. 2013). In this, his second postconviction appeal, Fort claims ineffective assistance of trial and appellate counsel. He also claims that the State mishandled evidence. Because Fort's claim of ineffective assistance of appellate counsel fails as a matter of law, and his remaining claims are time barred under Minn. Stat. § 590.01, subd. 4(a)(2) (2014), the postconviction court did not abuse its discretion in summarily denying Fort's petition. We therefore affirm.

## I.

The relevant facts are as follows. Between midnight and 1 a.m. on December 15, 1990, Potts was stabbed 44 times and killed in the lower-duplex unit of his north

Minneapolis home.[1]  Potts' mother discovered his body when she came home from work at approximately 2 a.m.  When police investigated, officers noticed a set of footprints in the snow that led from a side door of the Potts' house, and a police dog picked up a scent from the prints and followed the prints to a neighboring house where Fort lived.  Police also found blood smeared on the wall by the back door of the Potts' house.  The Minnesota Bureau of Criminal Apprehension (BCA) tested the sample from the smear in 1991 and, while it was found to contain blood, it was too small for enzyme and DNA testing.  During a search of Fort's house, police also detected eight drops of blood, but that sample was also too small to be tested with the available DNA technology.  In 2001, after technology had sufficiently advanced, the BCA tested the drops of blood found at Fort's house and determined that the blood matched Potts' DNA.

At trial, during the jury deliberations, a man called Fort's trial counsel and said that P.R., Fort's cousin, had confessed to Potts' murder.  Based on that call, Fort requested a new trial and the district court held an evidentiary hearing to consider P.R.'s alleged confession.  The district court ultimately denied Fort's request for a new trial, convicted Fort of both counts of first-degree murder, and sentenced him to life in prison without the possibility of release.

On direct appeal, as discussed above, we affirmed Fort's conviction of premeditated first-degree murder, but vacated Fort's conviction of first-degree murder

---

[1]  Because the underlying facts in this case are set forth in detail in *Fort I*, 768 N.W.2d at 338-41, and *Fort II*, 829 N.W.2d at 80-81, we limit our discussion of the facts to those related to this appeal.

while committing a burglary. *Fort I*, 768 N.W.2d at 344. Fort filed a pro se postconviction petition in 2009, requesting, among other things, DNA testing of the blood smear found at the Potts' house and disclosure of all other evidence the State collected. Fort also alleged ineffective assistance of counsel, asserting that his trial attorney failed to have the smear tested, present alibi witnesses, and interview other witnesses. In its response, the State explained that none of the limited blood sample taken from the Potts' house in 1990 remained to be tested, and indicated that the BCA had attempted to test it in 2007, but because no sample remained, "there [was] no possibility of any additional testing." After subsequently retaining counsel, Fort filed a motion to dismiss the pro se petition.

Fort renewed his petition for postconviction relief in 2011, requesting an evidentiary hearing and a new trial to consider evidence he claimed was new and exculpatory. *Fort II*, 829 N.W.2d at 80-81. Fort sought relief primarily based on the issues of: (1) newly discovered eyewitness testimony regarding the whereabouts of P.R. in the hours before the Potts murder, which Fort claimed buttressed his alternative-perpetrator theory; and (2) a request for DNA testing of the blood smear found at the crime scene. Again, the State explained that the sample from the blood smear was either nonexistent or too small to retest. The postconviction court denied Fort's petition for postconviction relief and motion for DNA testing without holding an evidentiary hearing, noting that, "as a practical and legal matter," no DNA testing could be conducted on the smear sample. We affirmed, concluding that the proffered testimony failed to satisfy the four-prong test for newly discovered evidence from *Rainer v. State*, 566 N.W.2d 692, 695

4

(Minn. 1997), and that Fort failed to meet the threshold for new forensic testing because he "made no assertion that new technology ha[d] been developed to render the sample from the 12-inch smear capable of demonstrating Fort's 'actual innocence.' " *Fort II*, 829 N.W.2d at 82-84.

In April 2014, Fort brought the instant pro se petition for postconviction relief, seeking an evidentiary hearing regarding (1) ineffective assistance of appellate counsel, (2) ineffective assistance of trial counsel, and (3) the State's "mishandling" of the blood-smear sample that he claimed would have been exculpatory. The State argued that the ineffective-assistance-of-counsel and loss-of-evidence claims are time barred under Minn. Stat. § 590.01 (2014), and procedurally barred under *State v. Knaffla*.

The postconviction court summarily denied Fort's petition, concluding that Fort's claims of ineffective assistance of trial counsel and loss of evidence were *Knaffla*-barred because Fort raised them in his direct appeal and first postconviction petition, and that he failed to demonstrate that appellate counsel's representation fell below an objective standard of reasonableness.

## II.

We review the denial of a petition for postconviction relief for an abuse of discretion. *Riley v. State*, 819 N.W.2d 162, 167 (Minn. 2012). In doing so, we review questions of law de novo, but our review of questions of fact is "limited to whether there is sufficient evidence in the record to support the findings of the postconviction court." *Sanchez-Diaz v. State*, 758 N.W.2d 843, 846 (Minn. 2008) (citing *Leake v. State*, 737 N.W.2d 531, 535 (Minn. 2007)).

## A.

In this appeal, Fort argues that his appellate counsel was ineffective for withdrawing his first pro se postconviction petition and for not doing enough research on his case. Fort's claim fails as a matter of law. The United States and Minnesota Constitutions guarantee a criminal defendant a right to the effective assistance of counsel in a criminal proceeding. U.S. Const. amend. VI; Minn. Const. art. 1, § 6; *see also Ferguson v. State*, 826 N.W.2d 808, 816 (Minn. 2013). The United States Supreme Court has held, however, that the constitutional right to counsel guaranteed by the Sixth Amendment, which applies to criminal defendants in state proceedings through the Fourteenth Amendment, does not extend to state postconviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Thus, the Supreme Court has held that a postconviction petitioner "cannot claim constitutionally ineffective assistance of counsel in [state postconviction] proceedings." *Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *accord Schleicher v. State*, 718 N.W.2d 440, 445-46 (Minn. 2006).

We have interpreted the right to counsel under the Minnesota Constitution more broadly to guarantee a criminal defendant the right to counsel for a first postconviction petition if the defendant did not pursue a direct appeal. *Deegan v. State*, 711 N.W.2d 89, 97-98 (Minn. 2006). We have also held, however, "that a defendant who has been represented by counsel on direct appeal has no right under the Minnesota Constitution to the assistance of counsel—effective or otherwise—in a subsequent postconviction proceeding." *Ferguson*, 826 N.W.2d at 816; *see also Barnes v. State*, 768 N.W.2d 359, 364 (Minn. 2009); *Schleicher*, 718 N.W.2d at 446. Because Fort received the assistance

6

of counsel during his direct appeal, neither the United States Constitution nor the Minnesota Constitution entitled him to counsel during his first postconviction proceeding. Consequently, Fort's ineffective-assistance-of-appellate-counsel claim fails as a matter of law. *See Ferguson*, 826 N.W.2d at 816.

B.

We next consider Fort's claims of ineffective assistance of trial counsel and mishandling of evidence. A postconviction court need not grant a hearing on a claim if the files and records of the proceeding conclusively establish that the petitioner is not entitled to relief. Minn. Stat. § 590.04, subd. 1 (2014). Accordingly, a postconviction court may summarily deny a claim that is time barred. *Riley*, 819 N.W.2d at 170-71. All petitions for postconviction relief must be filed within 2 years of the final disposition of the petitioner's direct appeal. Minn. Stat. § 590.01, subd. 4(a)(2).

We affirmed Fort's conviction for first-degree premeditated murder on July 16, 2009, and denied his request for a rehearing on July 27, 2009. Fort did not seek review from the United States Supreme Court, and thus, his conviction and sentence became final for purposes of section 590.01 on October 25, 2009. *See* U.S. S. Ct. R. 13 (requiring petitions for certiorari to be filed in 90 days). Accordingly, Fort had until October 25, 2011, to timely file a postconviction petition. Fort did not file the instant petition until April 2014, more than 2 years after the statutory deadline. Therefore, his request for postconviction relief is time barred under Minn. Stat. § 590.01, subd. 4(a), unless he can establish that he meets one of the five exceptions provided in subdivision 4(b).

Fort has not presented any argument—much less established—that an exception applies to his petition that would excuse its untimeliness under Minn. Stat. § 590.01, nor has our careful review of the record identified anything that would suggest any of the exceptions to the time bar in section 590.01, subdivision 4(b), might apply. Therefore, his claims are time barred.

### III.

Because the record conclusively shows that the claims raised in Fort's second postconviction petition fail on the merits or are time barred, the postconviction court did not err when it summarily denied Fort's petition.[2] We therefore affirm.

Affirmed.

---

[2] Because Fort's claims are time barred under Minn. Stat. § 590.01, subd. 4(a), we need not consider, as the postconviction court did, whether the claims are procedurally barred by *State v. Knaffla*, 309 Minn. 246, 252, 243 N.W.2d 737, 741 (1976) (holding that once a direct appeal has been taken, "all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief").