*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0765**

State of Minnesota,
Respondent,

vs.

Warren Fred Nelson,
Appellant.

**Filed February 1, 2016
Affirmed
Reilly, Judge**

Hennepin County District Court
File Nos. 27-CR-13-27591, 27-CR-12-13924

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Linda M. Freyer, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

Warren F. Nelson, Aurora, Colorado (pro se appellant)

Considered and decided by Reilly, Presiding Judge; Schellhas, Judge; and Rodenberg, Judge.

**REILLY**, Judge

Appellant pleaded guilty to fifth-degree controlled-substance crime. On appeal, he argues that he was denied a timely omnibus hearing and ruling, a speedy trial, and effective assistance of counsel. He also challenges the validity of his plea and contends that there is an error on the district court's register of actions. We affirm.

**FACTS**

In May 2012, a police officer arrested appellant Warren Fred Nelson pursuant to an active warrant. During a search incident to the arrest, the officer discovered a pill that was identified as Vicodin and a baggie containing a substance that was identified as cocaine. Nelson was charged with two counts of fifth-degree controlled-substance crime, and he filed a motion to suppress the evidence. An omnibus hearing was scheduled to be held in June 2012, and was continued several times and eventually held in January 2014. In November 2014, Nelson agreed to a plea deal and pleaded guilty to one count of fifth-degree controlled-substance crime for possession of 0.4 grams of cocaine. During the plea hearing, the district court stated on the record that it had denied Nelson's motion to suppress.

Nelson filed this appeal to challenge his controlled-substance conviction and the results of four other criminal matters in which he was the defendant. This court issued an order clarifying that this appeal would resolve issues relating to only the controlled-substance conviction because the other criminal matters are outside of the scope of appeal.

# DECISION

## I.

Nelson argues that he was denied a timely omnibus hearing and ruling.[1] "The Omnibus Hearing must start within 42 days of the Rule 5 [first] appearance if it was not combined with the Rule 8 [second appearance] hearing, or within 28 days of the Rule 5 appearance if it was combined with the Rule 8 hearing." Minn. R. Crim. P. 11.01(a). "The court may continue the [omnibus] hearing or any part of the hearing for good cause related to the case." Minn. R. Crim. P. 11.06. The decision to grant or deny a continuance in a criminal proceeding lies within the discretion of the district court. *State v. Larson*, 788 N.W.2d 25, 30-31 (Minn. 2010). A defendant must show prejudice to justify reversal of such a decision. *Johnson v. State*, 697 N.W.2d 194, 198 (Minn. 2005).

The first appearance was held on May 7, 2012, and an omnibus hearing was scheduled for June 13, 2012, within 42 days. The omnibus hearing was continued several times and held on January 17, 2014. The reasons for these continuances are not entirely clear from the appellate record because Nelson did not order transcripts of the hearings where the continuances were granted. *See* Minn. R. Civ. App. P. 110.02, subd. 1 (stating

---

[1] Nelson's main arguments on appeal relate to the timing of hearings and the omnibus ruling in his case. We note that "[a] guilty plea by a counseled defendant has traditionally operated, in Minnesota and in other jurisdictions, as a waiver of all non-jurisdictional defects arising prior to the entry of the plea." *State v. Jeffries*, 806 N.W.2d 56, 64 & n.4 (Minn. 2011) (quotation omitted) (clarifying that "[a]lthough we have used the term 'waiver,' the effect of a guilty plea is more accurately described as a forfeiture"); *see also State v. Smith*, 749 N.W.2d 88, 97 (Minn. App. 2008) ("[W]hen [appellant] pleaded guilty, his speedy-trial right evaporated, and any delay up to that time was nullified by his plea."). But we address Nelson's arguments because they are raised in the context of a challenge to the voluntariness of his guilty plea.

that appellant has responsibility to order relevant transcripts on appeal); Minn. R. Crim. P. 28.02, subd. 9 ("To the extent applicable, the Minnesota Rules of Civil Appellate Procedure govern preparation of the transcript of the proceedings and the transmission of the transcript and record to the Court of Appeals . . . ."). But the record reflects that Nelson completed a six-month in-patient treatment program between the time that he was charged and the omnibus hearing, that he was residing outside of Minnesota for a time, and that this case was tracking along with Nelson's other criminal matters. On this record, we conclude that the district court did not abuse its discretion by granting continuances of the omnibus hearing.

"The court must make findings and determinations on the omnibus issues in writing or on the record within seven business days of the Omnibus Hearing." Minn. R. Crim. P. 11.07 (2014).[2] After the omnibus hearing, the district court kept the record open for the parties to submit closing arguments through written briefs. Defense counsel indicated during a hearing in March 2014, that those briefs were forthcoming. Briefs were not filed by either party, but the record does not indicate when the district court was made aware that briefs would not be filed. The district court denied Nelson's motion to suppress during the plea hearing in November 2014. The delay of the omnibus ruling does not justify reversal of Nelson's conviction.

---

[2] After the omnibus hearing, rule 11.07 was amended to read: "The court must make findings and determinations on the omnibus issue(s) in writing or on the record within 30 days of the issue(s) being taken under advisement." Minn. R. Crim. P. 11.07 (Supp. 2015).

4

## II.

Nelson contends that he was denied a speedy trial. The United States and Minnesota Constitutions guarantee a criminal defendant a right to a speedy trial. U.S. Const. amend. VI; Minn. Const. art. I, § 6. A four-part balancing test is used to determine whether a delay in a case violated this right. *State v. Windish*, 590 N.W.2d 311, 315 (Minn. 1999). "The test provides that a court must consider: (1) the length of the delay; (2) the reason for the delay; (3) whether the defendant asserted his or her right to a speedy trial; and (4) whether the delay prejudiced the defendant." *Id.* (citing *Barker v. Wingo*, 407 U.S. 514, 530-33, 92 S. Ct. 2182, 2191-93 (1972)). "None of these factors is either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial. Rather, they are related factors and must be considered together with such other circumstances as may be relevant." *State v. Taylor*, 869 N.W.2d 1, 19 (Minn. 2015) (quotation omitted). A claim that the right to a speedy trial was violated is reviewed de novo. *Id.*

> A defendant must be tried as soon as possible after entry of a plea other than guilty. On demand of any party the trial must start within 60 days of the demand unless the court finds good cause for a later trial date. The time period begins on the date of the plea other than guilty.

Minn. R. Crim. P. 11.09(b) (2014).[3] "In Minnesota, delays beyond 60 days from the date of demand raise a presumption that a violation [of the right to a speedy trial] has occurred." *Windish*, 590 N.W.2d at 315-16. But "[w]hen the overall delay in bringing a case to trial

---

[3] After the plea hearing, rule 11.09(b) was amended to read: "A defendant must be tried as soon as possible after entry of a plea other than guilty. On demand of any party after entry of such plea, the trial must start within 60 days unless the court finds good cause for a later trial date." Minn. R. Crim. P. 11.09(b) (Supp. 2015).

is the result of the defendant's actions, there is no speedy trial violation." *Taylor*, 869 N.W.2d at 20 (quotation omitted); *see also State v. Ray*, 659 N.W.2d 736, 748 (Minn. 2003) (concluding that there was no violation of right to speedy trial where "the procedural history of the case makes clear that the delays were the result of defense counsel requests").

The appellate record does not reflect that Nelson demanded a speedy trial. *See Barker*, 407 U.S. at 532, 92 S. Ct. at 2193 (emphasizing "that failure to assert the right [to a speedy trial] will make it difficult for a defendant to prove that he was denied a speedy trial"). The record does reflect that, after the omnibus hearing, a trial was scheduled and then continued a number of times with Nelson's agreement, at Nelson's request, or because Nelson failed to appear.

And these continuances did not prejudice Nelson. "Prejudice . . . should be assessed in the light of the interests of defendants which the speedy trial right was designed to protect," namely, "(i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired." *Id.* Nelson was on conditional release pending trial, and his defense at trial was not impaired because he pleaded guilty and this case did not go to trial. Nelson contends that his criminal proceedings have caused financial hardship and have impacted his personal life, but he fails to identify problems beyond those typically associated with having several criminal matters pending. *Cf. State v. Friberg*, 435 N.W.2d 509, 515 (Minn. 1989) (stating that "[t]he only prejudice attested to . . . was the stress, anxiety and inconvenience experienced by anyone who is involved in a trial" and concluding that

6

defendants were not denied right to speedy trial). Based on the record and all relevant factors, we conclude that Nelson was not denied his right to a speedy trial.

**III.**

Nelson argues that he received ineffective assistance of counsel. A criminal defendant has a constitutional right to the effective assistance of counsel. *Fort v. State*, 861 N.W.2d 674, 677 (Minn. 2015). To prevail on a claim of ineffective assistance of counsel, a defendant must show "(1) that his counsel's representation 'fell below an objective standard of reasonableness'; and (2) 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Nissalke v. State*, 861 N.W.2d 88, 94 (Minn. 2015) (quoting *Strickland v. Washington*, 466 U.S. 668, 688, 694, 104 S. Ct. 2052, 2064, 2068 (1984)). "The objective standard of reasonableness is defined as representation by an attorney exercising the customary skills and diligence that a reasonably competent attorney would perform under similar circumstances." *State v. Vang*, 847 N.W.2d 248, 266 (Minn. 2014) (quotation omitted) (noting that "counsel's performance is presumed to be reasonable"). A claim of ineffective assistance of counsel involves a mixed question of fact and law and is reviewed de novo. *State v. Hokanson*, 821 N.W.2d 340, 357 (Minn. 2012); *see also Hawes v. State*, 826 N.W.2d 775, 783 (Minn. 2013) (stating that appellate court need not address both parts of *Strickland* test if one is determinative).

Nelson argues that defense counsel was ineffective because she failed to file a brief containing her closing arguments on the omnibus issues. But the district court resolved the omnibus issues without briefing, Nelson does not challenge the omnibus ruling, and he has

7

not shown that there is a reasonable probability that the omnibus ruling would have been different if a brief had been filed. Nelson also argues that defense counsel was ineffective because she failed to file a motion to dismiss the charges after an omnibus hearing was not held in a timely manner. Whether to file a motion in a criminal matter is a strategic decision that we decline to review for competence. *See, e.g.*, *Carridine v. State*, 867 N.W.2d 488, 494 (Minn. 2015) (stating that failure to file motion to suppress evidence was related to unreviewable trial strategy); *State v. Nissalke*, 801 N.W.2d 82, 111 (Minn. 2011) (stating that failure to file motion on spoliation of evidence fell "squarely within tactical decisions properly left to the discretion of trial counsel" (quotation omitted)). Nelson's claim that he received ineffective assistance of counsel is without merit.

**IV.**

Nelson challenges the validity of his guilty plea. A plea must be accurate, voluntary, and intelligent to be valid, and a defendant bears the burden of showing that his plea was invalid. *State v. Raleigh*, 778 N.W.2d 90, 94 (Minn. 2010). Manifest injustice exists if a plea is not valid, and a court must allow plea withdrawal when necessary to correct manifest injustice. *Barrow v. State*, 862 N.W.2d 686, 691 (Minn. 2015) (citing Minn. R. Crim. P. 15.05, subd. 1). Assessing the validity of a plea presents a question of law that is reviewed de novo. *Lussier v. State*, 821 N.W.2d 581, 588 (Minn. 2012).

Nelson argues that there was insufficient evidence to convict him of fifth-degree controlled-substance crime. A defendant waives a challenge to the sufficiency of the evidence by pleading guilty. *State v. Busse*, 644 N.W.2d 79, 88 (Minn. 2002). Nelson's argument fails even if we construe the argument as a challenge to the accuracy of his plea.

The requirement that a plea be accurate "requires an adequate factual basis" that "establish[es] sufficient facts on the record to support a conclusion that defendant's conduct falls within the charge to which he desires to plead guilty." *Munger v. State*, 749 N.W.2d 335, 337-38 (Minn. 2008) (quotations omitted). During the plea hearing, Nelson established an adequate factual basis by admitting that he possessed 0.4 grams of cocaine on May 2, 2012, in Hennepin County. *Cf.* Minn. Stat. § 152.02, subd. 3(1)(d) (2010) (listing cocaine as a Schedule II controlled substance); Minn. Stat. § 152.025, subd. 2(a)(1) (2010) (stating that a person is guilty of fifth-degree controlled-substance crime if "the person unlawfully possesses one or more mixtures containing a controlled substance classified in Schedule I, II, III, or IV, except a small amount of marijuana").

Nelson also challenges the voluntariness of his plea, arguing that he was "coerced, manipulated, maneuvered and forced into taking the guilty plea agreement" because of delays in resolving his case and ineffective assistance of counsel. The requirement that a plea be voluntary "ensures a defendant is not pleading guilty due to improper pressure or coercion," and "[w]hether a plea is voluntary is determined by considering all relevant circumstances." *Raleigh*, 778 N.W.2d at 96; *see also State v. Ecker*, 524 N.W.2d 712, 718 (Minn. 1994) ("When an accused is represented by counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." (quotation omitted)). Nelson confirmed by signing the plea petition that he was "satisfied that [his] attorney ha[d] represented [his] interests and ha[d] fully advised [him]" and that he was pleading guilty "freely and voluntarily." He confirmed during the plea hearing that he was not being forced to plead guilty. And as we

9

have discussed, the record reflects that continuances in this case were granted at Nelson's request or for his benefit, and he has not established that he received ineffective assistance of counsel. Nelson has not shown that his plea was involuntary.

## V.

Nelson contends that the district court committed fraud because the register of actions lists a hearing on August 11, 2014, a date on which he states that he "was not in town." During the plea hearing, defense counsel explained: "[A]t our last appearance, . . . Nelson, who had made numerous appearances beforehand, wasn't able to be here. He became stranded on his way back to Minnesota." The August 11 hearing was continued to November 17 because Nelson was not present. Nelson's argument that the register of actions contains an error is without merit.

**Affirmed.**